## Richmond.

SAVAGE v. COMMONWEALTH.

March 8th, 1888.

1. INTOXICATING LIQUORS—*Sale without license—Indictment.*—Under Acts 1885–6, p. 259, § 5, it is not necessary that indictment allege that the magisterial district wherein the sale occurred, voted against license—the court taking judicial notice of such vote; nor that the liquor sold was the subject of license before the vote was taken; nor the time when the sale was made—the time of sale not being of the essence of the offence. Acts 1877–8, p. 335, §§ 11, 12.

2. IDEM—*Case at bar.*—Where at trial of such indictment, witness testifies that he in the former bar-room of defendant's hotel, bought and drank something called "ginger," that looked and tasted like whiskey, but he would not swear it was intoxicating, because he did not drink enough of it to make him drunk, though he thought that had he done so, it would have had that effect:

HELD:

There was insufficient proof that the liquor sold was intoxicating.

3. IDEM—*Venue—Proof of.*—No conviction can be had where the evidence fails to show that the offence was committed in the county and magisterial district wherein the indictment laid the venue. *Richardson's Case,* 80 Va., 12.

Error to judgment of circuit court of Accomac county, rendered May 19th, 1887, approving judgment of county court of said county rendered April 30th, 1887, upon an indictment against Duffield Savage, under Acts 1885–6, p. 259, § 5, for selling intoxicating liquor contrary to law. The county court overruled the defendant's demurrer to the indictment. The jury found him guilty and assessed upon him a fine of $100. The defendant moved to set aside the verdict, which

motion the county court overruled, and sentenced him accord-
ing thereto, adding thirty days' imprisonment in the county
jail. To which ruling defendant excepted and the court cer-
tified the evidence. Opinion states the case.

*Parramore & Browne* and *John S. Wise,* for the plaintiff in
error.

*Attorney-general R. A. Ayers* and *Edmund Pendleton,* for the
commonwealth.

LEWIS, P., delivered the opinion of the court.

The indictment, to which there was a demurrer, charges
that the defendant "on the — day of March, 1887, in the
magisterial district of Lee, in the said county, did unlawfully
sell intoxicating liquors to one John Johnson, against the
peace and dignity of the commonwealth."

It is contended for the plaintiff in error that the indictment
is defective—*first,* because it does not charge that the offence
was committed in a magisterial district which had voted against
license; *secondly,* because it does not charge that the liquor
sold was such as the subject of license under the statute before
the vote on the question of license was taken; and *thirdly,*
because it does not state a time certain at which the liquor
was sold.

We are of opinion that these grounds of objection are un-
tenable. It was not necessary to allege in the indictment that
the magisterial district therein mentioned had voted against
license, for that was a fact of which the court would take ju-
dicial notice. Nor was it necessary to allege that the liquor
charged to have been sold was anything than merely intoxi-
cating. The language of the statute is, that "any person who
shall sell any intoxicating liquors within the limits of any
magisterial district voting against license," shall be punished,

etc. Acts 1885–86, p. 259, § 5. The indictment follows the language of the statute, and no further averment on that point was necessary. *Commonwealth* v. *Bennett*, 108 Mass., 27. And the third and last objection is met by the provisions of the statute, which enacts that " no indictment or other accusation shall be quashed or deemed invalid for omitting   *   *   to state, or stating imperfectly, the time at which the offence was committed, when time is not the essence of the offence." Acts 1887–88, p. 335, §§ 11, 12.

It is contended, however, that the county court erred in overruling the defendant's motion for a new trial, and this position is well taken.

The only witness introduced by the commonwealth to prove the sale of liquor by the defendant is John W. Johnson, who testifies that in March, 1887, after the adoption of the local option law for Lee district, in Accomac county, and before the finding of the indictment, he applied to the clerk of the defendant's hotel for whiskey; that he was told by the clerk he had no whiskey, but that he could let him have some *ginger*, whereupon he bought and paid ten cents for something that was called ginger, and drank it for ginger. It was served, he says, in a whiskey glass, in a room at the hotel formerly used as a bar-room, and looked and tasted like whiskey. He thought it would have made him drunk, if he had drunk enough of it, and that it would not have taken more of the ginger to make him drunk than of common whiskey; but he was not prepared to swear it was intoxicating, because he did not drink enough of it to enable him to do so. And there was no other evidence upon the subject.

This being so, it is plain that the evidence is not sufficient to support the verdict. The court cannot hold, in the absence of proof, that " ginger" is intoxicating, and here the evidence fails to show that the article bought by the witness was of that nature. He says he called for whiskey, but was told *they had none;* and though the liquor he drank may have looked and

tasted like whiskey, yet he could not swear it was whiskey, or that it was intoxicating. The circumstances may justly arouse *suspicion* against the defendant, but that is not enough. In a criminal case, the defendant is entitled to an acquittal, unless his guilt is established beyond a reasonable doubt; and the verdict in the present case cannot be sustained consistently with this rule.

Moreover, the evidence does not show that the transaction occurred either in Lee magisterial district or at any other place in Accomac county, and that it did is a mere matter of inference. The witness, Johnson, testifies that it occurred at the defendant's hotel, but he does not give the location of the hotel, nor does any other witness who testified in the case. The witness, Tunnell, testifies that he is commissioner of the revenue for district No. 2 of Accomac county, and that the defendant has a license to keep a house of entertainment, but does not know whether the room in which the liquor in question was sold, is included in that license or not. And the testimony of Gunter, the only other witness, is equally unsatisfactory. All he says is, that he is familiar with the house where the liquor was sold, but does not know whether the defendant is the proprietor or not. And this was all the evidence introduced.

In *Richardson* v. *Commonwealth*, 80 Va., 124, it was decided that an indictment cannot be sustained without proof that the offence was committed in the county where the venue is laid. And not only is this so, but in a case like the present, the proof must show that the offence was committed in the district mentioned in the indictment, otherwise a conviction cannot be sustained. This is an elementary principle, and is of itself decisive of the case.

The judgment will therefore be reversed, and the case remanded for a new trial.

JUDGMENT REVERSED.