## Wytheville.

THOMAS v. COMMONWEALTH.

JUNE 29th, 1893.

1. CRIMINAL PROCEEDINGS—*Indictment.*—Indictment laying the charges of unlawfully selling different kinds of intoxicating liquors in the disjunctive, is sufficient.  *Morgan's Case,* 7 Gratt., 592.

2. ELECTION UNDER REPEALED STATUTE—*Validity.*—An election held July 1, 1886, under act of February 26, 1886, was not invalidated by repeal of that act after May 1, 1888, by the adoption of Code, § 4202.

3. JUDICIAL COGNIZANCE—*Election.*—The court will take notice judicially that at an election held under act of February 26, 1886, in the magisterial district wherein the offence is laid, the vote against license prevailed, and no allegation to that effect is necessary in the indictment (*Savage's Case,* 84 Va., 582) ; and also that apple brandy is intoxicating.

4. CLERICAL ERROR.—A mistake as to the date of an order entered in the record of the county court in relation to such election will not invalidate the election.

Error to judgment of the judge of the circuit court of Russell county refusing a writ of error to the judgment of the county court of said county, rendered February, 1892, on an indictment for unlawfully selling intoxicating liquors against the plaintiff in error, James Thomas.   Opinion states the case.

*J. C. Gent,* for plaintiff in error.

*Attorney-General R. Taylor Scott,* for commonwealth.

LEWIS, P., delivered the opinion of the court.

This was a prosecution in the county court of Russell county against the plaintiff in error for a violation of the local option law. There was a demurrer to the indictment, which was overruled, whereupon issue was joined on the plea of "not guilty." The jury found the defendant guilty, and assessed a fine against him of $100, and there was judgment accordingly. To this judgment the defendant applied to the judge of the circuit court for a writ of error, which was refused, whereupon, on his petition, a writ of error was awarded by this court.

The indictment charges that the defendant, in October, 1891, "at his dwelling house, in the Lebanon magisterial district of said county, did unlawfully sell intoxicating liquors, wine, ardent spirits, spirituous or malt liquors or mixtures thereof."

The first ground of demurrer relied upon here is that the indictment is in the disjunctive. But this objection is met by *Morgan's Case*, 7 Gratt., 592. In that case the indictment was for unlawfully selling rum, wine, brandy *or* other spirituous liquors, and was demurred to, on the ground that the charges were laid in the disjunctive; but the demurrer was overruled by the trial court, which ruling was affirmed by the appellate court. This case was decided in 1850, and has ever since been followed as authority in Virginia in similar cases.

It is next insisted that the demurrer ought to have been sustained, because "the local option act" of February 26, 1886 (Acts 1885–'86, p. 258), was repealed by section 4202 of the Code, and because the provisions of chapter 25 of the Code, in regard to local option, have never been put in force in Russell county.

We are of opinion that this position also is untenable. Granting that by virtue of the said section the act of February 26, 1886, gave way to the provisions of chapter 25 of the Code, on the same subject, it does not follow that what was done under the said act, prior to the going into effect of the Code, was thereby undone or set aside. So that the result of the election which was held in Russell county on the 1st day of

July, 1886, under the above mentioned act, was not affected by the subsequent adoption of the Code.

It is contended, however, that there is nothing to show that the Lebanon magisterial district voted "against license" at that election. But this was a matter of which the trial court, according to *Savage's Case,* 84 Va., 582, was bound to take judicial notice, and the question was decided against the defendant; nor is there anything to show that it was erroneously decided. There is, indeed, an order of the county court copied into the record of the present case, upon which the defendant relies, which is as follows, to wit:

"At a court of *quarterly* session continued and held for Russell county at the court-house thereof on Thursday, the 8th day of *June,* 1886, E. S. Finney, J. B. Seacatt, and W. R. Akers, commissioners of election for Russell county, this day filed their certificate of the special election held on the 1st day of July, 1886, upon the question of licensing or not licensing the sale of intoxicating liquors in said county, and report a majority of 713 votes against licensing the sale of intoxicating liquors in said county."

This order was evidently entered, not in June, 1886, but after the 1st of July of that year. The mistake is doubtless that of the copyist; for the transaction referred to occurred after the 8th of June; and, besides, we must take judicial notice of the fact that the June term of the county court of Russell county is not a *quarterly* term. The quarterly terms of that court are, or were when the order in question was entered, the April, *July,* September, and December terms (Acts 1885–'86, p. 570). Moreover, the act of February 26, 1886, required a copy of the certificate of the canvassers of the election returns to be laid before the county court at its *next* term after any election held under the act, and the presumption is that this requirement of the statute was complied with in the present case.

It is true the order does not state the result of the election

Opinion.

in the Lebanon magisterial district, nor was it necessary that
it should.   The act did not require a copy of the certificate to
be spread *in extenso* on the order book; all it required was that
a copy should be laid before the court; and, for aught the
record shows, the copy that was laid before the court was in
the form prescribed by the statute, and showed that the Leba-
non district voted, as the county did, against license.

The only remaining assignment of error is that the evidence
does not show that the liquor sold by the defendant was intoxi-
cating.   It shows, however, that it was apple brandy, and that
apple brandy is intoxicating is a matter of common knowledge,
of which the court will take judicial notice.   1 Greenl. Ev.
(14th ed.), sec. 5, note (b), p. 10.

Judgment affirmed.

Note.—Subject of judicial notice as to what liquors are intoxicating as well
as the question what liquors are within the statutory restrictions on the sale
of "spirituous," "vinous," "fermented," and other intoxicating liquors is
treated in a note to *Lamly* v. *State* (Miss.), 2 L. R. A., 645.—*Reporter*.