HARGRAVE

*v.*

COMMONWEALTH.

(*Supreme Court of Appeals of Virginia; June 20, 1895.*)

[22 S. E. Rep. 314.]

Indictment for Violation of Local Option Law—Allegation of—Case at Bar.*

An indictment under Code 1887, § 587, for a violation of the local option law, reciting that the defendant, at a certain time and place, "did unlawfully sell wine, spirituous liquors, malt liquors, and mixtures thereof," is not bad because it fails to allege that the sale was without a license; or because it is not stated whether the sale was by wholesale or retail; or because it fails to state that the magisterial district had voted against the sale of liquors therein.

Error to circuit court, Tazewell county; Samuel W. Williams, Judge.

A. F. Hargrave was found guilty of selling liquor in a magisterial district which had voted against licensing the sale of liquor, and brings error. Affirmed.

*A. J. & S. D. May, H. C. Alderson,* and *J. H. Fulton,* for plaintiff in error.

*R. Taylor Scott, Atty. Gen.,* for the Commonwealth.

RIELY, J., delivered the opinion of the court.

*See monographic note on "Indictments," Va. Rep. Anno.

This was a prosecution in the county court of Tazewell county, against the plaintiff in error, for a violation of the local option law. The indictment was founded on section 587 of the Code, and charges that the defendant "on the —— day of ——, 1892, in the said county, in the Jeffersonville magisterial district, did unlawfully sell wine, spirituous liquors, malt liquors, and mixtures thereof." Upon the trial he was found guilty by the jury and fined $100. He thereupon moved the court to set aside the verdict and award him a new trial, and also moved the court in arrest of judgment, both of which motions the court overruled, and gave judgment against the defendant for the fine and costs of the prosecution, and ordered further that he be imprisoned in the jail of the county for 30 days.

The grounds assigned for the motion in arrest of the judgment relate to the sufficiency of the indictment, and are the following : First, that the indictment fails to charge that the sale of the intoxicating liquors was without a license ; second, that it fails to set forth the manner of the sale, whether by wholesale or retail ; third, that it fails to describe the particular place of the sale ; and, fourth, that it does not allege that, prior to such sale, Jeffersonville magisterial district, at an election held in accordance with the statute, had voted against licensing the sale of intoxicating liquors therein. The indictment in this case is substantially the same as the indictment in Savage's Case, 84 Va. 582, 5 S. E. 563, and Id., 84 Va. 619, 5 S. E. 565, and also in Thomas v. Com., 90 Va. 92, 17 S. E. 788. Substantially the same objections were made in those cases as in this, and overruled, and the indictment pronounced by this court to be good and valid. We are of opinion that the case at bar belongs to that class of cases in which it is our duty to apply the principle of stare decisis, without reference to what our own opinions might be, if the questions raised were now for the first time presented to us ; and that, consequently, this case must be ruled by the decisions above referred to, and the indictment held to be sufficient. Nor did the court err in

overruling the motion for a new trial.   No serious contest was made by the counsel for the plaintiff in error over this matter, and indeed could not be, for the testimony abundantly proved the sale of the intoxicating liquors as charged in the indictment.

It therefore follows that the judgment of the circuit court of Tazewell county must be affirmed.