BINDER *v.* THE STATE OF IOWA.

To make a record which has been submitted to the inspection of the court, evidence, it is not necessary that it be handed or given to the jury.

Where on the trial of a criminal case, in which the defendant pleaded a former conviction, the defendant introduced as a witness, a justice of the peace, who produced his docket, and testified that he, as justice, issued his warrant of arrest on the affidavit of one L; and that he tried the defendant, and rendered judgment against him; and where the court instructed the jury, "that there was no evidence before them of

Binder v. The State of Iowa.

a former conviction; that the record of the justice had been submitted to the court, for its inspection, ; but that the defendant having failed to hand the same to the jury, they could take no notice of its contents; *Held,* That the instruction was erroneous.

### Appeal from the Lee District Court.

### Friday, January 15, 1858.

The defendant was indicted for an assault, with intent to inflict a great bodily injury. He filed his pleas of not guilty, and also of former conviction. There was a trial; verdict, " guilty of an assault and battery; " judgment thereon, and defendant prosecutes this appeal. For the facts material to the decision of the case, see the opinion of the court.

*Moss & Edwards,* for the appellant.

*S. A. Rice,* Att'y General, for the State.

Wright, C. J.—Several questions have been discussed by counsel, but we shall confine our attention to the instruction complained of, which, we think, was improperly given, and for the giving of which the judgment must be reversed.

It seems that defendant introduced one Stotts, a justice of the peace, "who produced his docket, and testified, that as justice he issued his warrant of arrest, on the affidavit of one Leffler, and did try said Binder, and render judgment against him for three dollars and costs," and this was done at the request of the court. Said Stotts then left the court room, by the permission of the attorneys and the court. The court instructed the jury, "that there was no evidence before them of a former conviction; that the record of the justice had been submitted to the court, for its inspection; but that the defendant having failed to hand the same to the jury, they could take no notice of its contents.

While the language used in the instruction is, by no means, clear, yet, taking it altogether, we conclude that the justice's record of the former conviction, was excluded from the jury, or they were instructed to disregard it, for the sole reason that it had not been handed to them. So much as refers to the submission of the record to the inspection of the court, would seem to conflict somewhat with this view, and to favor the position that defendant did not do more than present it, without urging it as evidence in the case. But the construction first stated, we think more in accordance with the entire record. In the first place, it is stated that the justice produced his docket, and at the request of the court, proceeded to testify as to the trial and conviction of defendant. In the next place, it is not shown that the jury were instructed to disregard the record, because it had not been offered in evidence, but because it had not been handed to them. To make it evidence, it was not necessary that it should be handed or given to the jury. And, again, it is not pretended that there was any defect in the record, for which it was excluded, or that it was objected to, but the instruction is put distinctly upon other grounds. Now, in the trial of a cause, the practice is very common for a party to introduce his record evidence without reading it, and it is seldom, if ever, handed to the jury until they retire to consider of their verdict. And for the court, upon its motion, by an instruction, to take from their consideration all such evidence, because counsel had not handed it to them, we think, would recognize a practice which would tend to entrap parties, and require them to do that which, upon no fair rule, is strictly necessary.

It is urged for the state, however, that the record shows a replication to the plea of former conviction, which avers that such conviction was obtained by the fraud of said defendant; that this was not denied; and, therefore, being admitted, the jury were correctly instructed to disregard the defence,; or, that while the court may have erred in the reason given for the instruction, yet upon the state of

the pleadings, it was right, and the defendant cannot complain. We will not stop to inquire into the correctness of allowing such a replication, nor to discuss the question whether the parties were not sufficiently at issue, without a rejoinder denying the truth of the allegations therein contained, but put the argument upon other grounds, which, to our minds, are entirely satisfactory. We think it very evident, that the parties and the court, on their trial, treated the replication as denied, or at least did not take it as true. The issue evidently tried, was that made by the plea, for it was to this that the evidence and instruction were directed. No instruction was asked, nor claim made, that the replication was to be taken as true. And, finally, the ground upon which the jury were instructed to disregard the record, quite conclusively shows, that it was the existence or fact of the former conviction, which was being tried, and not whether it was obtained by fraud. If the question of fraud was that which was being tried, then the replication admitted the existence of the judgment, and sought to avoid its effect, and there was no necessity for the defendant to prove its existence.

Judgment reversed.