### City of Winona *vs.* James Burke.

#### December 15, 1876.

**Evidence—City Ordinances.**—In a prosecution under an ordinance of a city, the ordinance should be pleaded and proved. Courts do not take judicial notice of them.

The defendant was tried before a justice of the peace in and for Winona city and county, on a complaint charging him with maintaining a nuisance in the said city, "contrary to the provisions of an ordinance of this city, entitled an ordinance to prevent and abate nuisances." This was the only mention of the ordinance in the complaint, nor was any proof of it made at the trial. The defendant moved to dismiss the action on the ground that no offence was charged in the complaint, and for want of proof of the violation of any ordinance of the city, no ordinance of the city having been offered in evidence. The motion was overruled, and an exception taken. The justice found the defendant guilty, and imposed a fine of $15 and costs; whereupon the defendant caused the action to be removed to this court by *certiorari*.

*J. E. Robinson* and *J. W. Dyckson*, for defendant.

*O. B. Gould*, for plaintiff, argued that the objection to the complaint should have been made before going to trial, citing *City of Rochester* v. *Upman*, 19 Minn. 108 ; *State* v. *Reckards*, 21 Minn. 47 ; that, in the absence of proof to the contrary, it is to be presumed that the ordinances of the city are printed in book form, and, therefore, need not be proved, and that city ordinances are judicially noticed by courts of the municipality having exclusive jurisdiction of violations thereof, citing Laws 1873, *c*. 68 ; *Napman* v. *People*, 19 Mich. 352 ; *Conboy* v. *Iowa City*, 2 Iowa, 90.

GILFILLAN, C. J.   The defendant was convicted in the court below for the alleged violation of a city ordinance. On the trial no proof of the ordinance was made, and the defendant moved to dismiss the prosecution on that ground, which motion was denied.   It is claimed on behalf of the city that, because of Laws 1873, *c*. 68—which provides that, when the " by-laws, ordinances, etc., of any city * * * have been or shall hereafter be printed and published by authority of the corporation, the same shall be received in evidence in all courts and places without further proof" —the court will take judicial notice of the existence of the ordinance, without proof.   Such was not the intention of the act, as is clear from its language, and does not affect the necessity of proving the ordinance.   Courts do not take judicial notice of city ordinances.   *Garvin* v. *Wells*, 8 Iowa, 286 ; *Goodrich* v. *Brown*, 30 Iowa, 291.   Such ordinances should be pleaded and proved.

Judgment reversed.