THE STATE v. SEARCY, *Appellant.*

### Division Two, July 1, 1892.

1. **Appeals:** VALIDITY OF CREATION OF TRIAL COURT. The question of the legal existence of the trial court cannot be raised on appeal.

2. **Local Option:** BURDEN OF PROOF. The adoption of the local-option law is established *prima facie* by the state by the production of a certified copy of the result of the election, as spread upon the records of the county court in compliance with that law, and proof that the requisite subsequent publication of the result was made. (*State v. Searcy,* 39 Mo. App. 393, *approved.*)

3. **Elections:** CERTIFICATE OF ELECTION. *Held, arguendo,* that in the case of a general election the county clerk is required to take to his assistance two justices of the peace, or two judges of the county court, only for the purpose of aiding him in examining and casting up the votes given to each candidate, and that these two justices or judges are not required to sign the certificate of election given to the candidate having the highest number of votes.

4. **Local Option:** CERTIFICATE OF ELECTION. It is not essential to the validity of the election, putting the local-option law in force in any locality, that any certificate of the election should be signed by the two justices or the two judges of the county court, called in to aid the county clerk in casting up the votes.

5. **County Court Records:** PRESUMPTIONS. It is presumed that the county court orders everything, which appears upon its records, to be recorded therein.

6. **Local Option:** SALES BY DRUGGISTS. A person who is indicted for a violation of the local-option law, and defends on the ground that he is a licensed druggist, and as such made the sale of liquor for which he is indicted, must bring his sale within the provisions of the law relating to such sales by druggists, and, where the sale is for medicinal purposes, must, therefore, show a physician's prescription.*

7. ———. The constitutionality of the local-option law reaffirmed, following *State v. Dillard Moore,* 107 Mo. 78.

### ·Certified from St. Louis Court of Appeals.

AFFIRMED.

---

*The above syllabi are taken from 46 Mo. App. 422.

*George Pepperdine* and *O. H. Travers* for appellant.

*H. E. Havens*, Prosecuting Attorney, and *Jas. R. Vaughan* for the State.

THOMAS, J.—This case is here on the certificate of the St. Louis court of appeals. 46 Mo. App. 422. The local-option election involved in this case has been twice before the St. Louis court of appeals *(State v. Searcy*, 39 Mo. App. 393, and the case at bar, 46 Mo. App., *supra)*, and every question now urged for a reversal of the judgment has been disposed of, and correctly disposed of, by that court. The opinions of the court of appeals are so exhaustive and conclusive that we deem it a work of supererogation to add anything to them. It follows that the opinions in *State v. Mackin*, 41 Mo. App. 99, and *State v. Prather*, 41 Mo. App. 451, so far as they conflict with the *Searcy cases, supra*, are disapproved and overruled.

We reaffirm the constitutionality of the local-option statute. *State v. Dillard Moore*, 107 Mo. 78.

The judgment is affirmed. All concur.