## D. J. PUCKETT v. THE STATE.

1. LOCAL OPTION. *Act* 1886. *Result of election. Report. Evidence.*

    While the act of 1886 (Laws, p. 35), known as the local option law, requires the commissioners of an election to canvass the returns of the inspectors, it is the result alone that is to be reported on oath to the board of supervisors. It is not essential that the report recite that the election was held at the prescribed places, and that the commissioners had canvassed the return.

2. SAME. *Election. Report of result. Record thereof.*

    No action upon said report by the board of supervisors is authorized or required. Hence, it is immaterial that it was spread on the minutes at a special and unauthorized meeting, and, on a trial of one charged with violating said act, copies of such report, whether taken from the original or from the minutes, are competent evidence of the result. *McDonald* v. *State,* 68 Miss., 728.

3. EVIDENCE. *Code* 1892, § 1621. *Result of election. Judicial notice.*

    Where it appears that the report of the commissioners was not spread on the minutes of the board of supervisors, this court, being required by § 1621, code 1892, to take judicial notice of the result of local option elections, may resort to any and all sources of information as to the character and condition of the original report.

FROM the circuit court of Rankin county.

HON. A. G. MAYERS, Judge.

The facts are stated in the opinion.

*A. J. McLaurin,* for appellant.

An unsworn report of the commissioners of the election was spread on the minutes of the board of supervisors at a special session, to which the board had adjourned at its previous meeting. There is no warrant in law for such a meeting. *Wolfe* v. *Murphy,* 60 Miss., 1. The acts of the board at such a meeting are nullities. *Smith* v. *Nelson,* 57 Miss., 138. It was necessary for the report to be verified by affidavits of the commissioners. This, when spread upon the

minutes, is the only evidence of the result.   Code 1880, § 135.
*Bryant* v. *State*, 65 Miss., 435 ; *McDonald* v. *State*, 68 *Ib.*,
728.   It follows that there was no legal evidence that the
local option law was in force, and defendant's objection to
the introduction of the report should have been sustained.

*Frank Johnston*, attorney-general, for the state.

The board of supervisors did not act originally on the re-
port.   It merely allowed it to be spread on the minutes.
Even if the meeting was not authorized, the irregularity of
the board would not invalidate the report.   The report itself
was correct, and it was spread on the minutes.   The board
of supervisors had no authority to examine and certify to
the report.   While the commissioners were required to do
this, it was not required that they should report that the
election was held at the proper places.   They were to simply
report the result.

COOPER, J., delivered the opinion of the court.

The appellant was indicted and convicted of the offense of
unlawfully selling intoxicating liquor in less quantity than
one gallon in the county of Rankin, in violation of the pro-
visions of the act of March 11, 1886, commonly known as
the local option law.   The conviction was at the February
term, 1893, on an indictment returned on February 17, 1892,
the evidence disclosing that the sale was on the — day of
August, 1890.

On the trial, the state, for the purpose of proving the
adoption of the local option act in the county of Rankin,
introduced in evidence the minutes of the board of super-
visors, containing what purported to be a report of the com-
missioners of the election held under the provisions of the
local option statute.

The defendant objected to said minutes—

1. Because they were the minutes of the board at a spe-
cial term not called or held according to law.

2. Because there was no order of the board of supervisors for an election to be held at the places of holding elections for members of the legislature in Rankin county.

3. Because the report does not certify that said commissioners of election canvassed the returns made to them by the inspectors.

4. Because said report does not certify that said commissioners determined the result of a canvass of the returns of the inspectors.

5. Because said report does not show that the election was held at places for holding elections for members of the legislature in Rankin county.

In addition to these objections, it is now also urged that the report of the commissioners was not verified by their oaths, as required by law.

It is immaterial that the report of the commissioners was spread upon the minutes of the board of supervisors at a special and unauthorized meeting, instead of upon those of a regular and legal session. The board was not authorized or required to take any action upon the return of the report of the commissioners. But, to preserve in a perpetual memorial the report of the commissioners, the law provided that it should be spread upon the minutes of the county board. It is the report, however, of the commissioners which gives finality to the election, and copies of the report, whether made from the original or from the copy on the minutes, are made competent as evidence of the result of elections held under the act. *McDonald* v. *The State*, 68 Miss., 728.

It is not true that no order was made for an election to be held *at the* places for holding elections for members of the legislature in Rankin county. This does not appear in the report of the commissioners, but it does appear in the order of the board found on page ten of the record.

The law does not require that the commissioners of election shall *certify* that they have canvassed the returns made to them by the inspectors of election, and that the result re-

ported was derived from such canvass. The act directs that they "shall canvass the returns so made, and shall ascertain and determine the result, and shall, within ten days after the election, make a written report to the board of supervisors, verified by their affidavits, of the result so declared by them upon such canvass and return." It is the result alone which is to be reported by the commissioners, though, in reaching the result, the law declares how and on what it is to be based. Nor was it necessary for the report to show that the election had been held at the places fixed by law; that is to be presumed.

But the act does require that the report of the commissioners shall be verified by their affidavits, and, if this was not done, there was no legal report, and, therefore, no legal evidence of the result of the election.

By what sort of stupid blundering the jurat to the report of the commissioners was omitted from the minutes of the board of supervisors, it is impossible to conjecture. But that it was omitted we have discovered by correspondence with the custodian of the records.

By § 1621 of the code of 1892, the courts are required to take judicial knowledge of the result of local option elections, and since no sources of information are pointed out, it is incumbent on this as well as all other courts to inform itself by recourse to any and all sources of information.

We have, therefore, pursued the investigation by seeking to inform ourselves of the condition of the original report, which, it would seem, it should have occurred to the district attorney on the trial to do, and, from that investigation, have learned that, in fact, the report of the commissioners was verified by their oaths. This is all that the law requires, and is the sufficient and conclusive evidence of the fact that the result of the election was against the sale of intoxicating liquors in Rankin county.

The appellant was therefore properly convicted, and the judgment is                                        *Affirmed.*