# Long v. The State.

## Violating Prohibition Law.

(Decided Feb. 3, 1910.—51 South. 636.)

1. *Criminal Law; Courts; Transfer of Causes; Waiver of Right.*— Where a person was indicted in the circuit court and failed to demand a transfer of his case to the law and equity court of the county within a reasonable time after his arrest, and after he had given bond for his appearance he waived the right to have his case transfered.

2. *Indictment and Information; Misjoinder of Counts; Demurrer.*— An indictment charging under several counts the violation of the prohibition law, under some counts of which a punishment of not of not more than $100.00 could be fixed, while under others a punishment of a $500.00 fine and a sentence to hard labor for six months could be imposed, was not subject to a demurrer as for a misjoinder of counts.

3. *Intoxicating Liquors; Offense; Punnishment.*—The punishment for selling liquor in violation of the local option law and all prohibitory laws is prescribed by Acts 1907, p. 366.

4. *Same; Burden of Proof.*—Where the prosecution is for the violation of the local option law the state has the burden of showing that an election has been held and that it resulted against the sale of liquors.

5. *Same; Election; Invalidity.*—Where an election was regularly held under the order of the judge of probate in accordance with the local option law after an application had been filed as required and the result had been declared, it was too late to impeach the application by showing that some of the signatures thereto were not those of qualified electors.

6. *Same; Evidence.*—Where the prosecution was for a violation of the local option law, the state was properly permitted to introduce in evidence the application on which the election was ordered and the order made by the probate judge for the election and identified by him.

7. *Same.*—On a prosecution for the violation of the local option law, the state was properly permitted to show by the probate judge whether an election had been held in the county in obedience to an order made by him.

8. *Trial; Objection to Evidence; Sufficency.*—Where the trial was for violating the local option law an objection to evidence that the accused had bought whisky in the month preceding his indictment is too general to be considered.

9. *Appeal and Error; Presumptions; Matters Not Shown by the Record.*—In a prosecution for the violation of a local option law, where the bill of exceptions showed that the application on which

an election had been ordered, the order for the election and the certificate of the result were introduced in evidence, but does not contain a copy of either, this court on appeal, will presume that the same were in proper form and regular.

APPEAL from Walker Circuit Court.

Heard before Hon. T. L. SOWELL.

Dick Long was convicted of violating the local option law for Walker county, and appeals. Affirmed.

LEITH & GUNN, for appellant.—No brief came to the Reporter.

ALEXANDER M. GARBER, Attorney General, for the State.—Counsel discuss the exceptions reserved and concludes that under the local option law, and in view of the fact that punishment for the offenses under that law and all other prohibitory law was fixed by the Acts of 1907, p. 366, no error intervened and the cause should be affirmed.

EVANS, J.—The indictment in this case was found and returned at the first term, 1908, of the circuit court of Walker county, was marked "Filed" by the clerk of the court on the 7th day of March, 1908. The defendant gave bond for his appearance "'at the present term of the court" to answer said indictment which was approved March 12, 1908. On November 9, 1908, the defendant filed in the said circuit court a paper writing in words as follows: "The State v. Dick Long. Comes the defendant in the above-styled cause and demands that his case now pending in the circuit court be transferred to the docket of the Walker county law and equity court. Leith & Gunn, Attorneys for Defendant." This demand of defendant was disallowed by the court, and defendant was put upon his trial in said circuit court on November 11, 1908. The defendant then filed

the following plea: For further plea the defendant says this case is now pending in the Walker county law and equity court of said county, having been transfered there by the demand of the defendant heretofore made removing it from the circuit court's docket to the said Walker county law and equity court, and therefore this court has no jurisdiction to try and determine this cause." The judgment entry recites that this plea was demurred to by the state, and the demurrer was sustained. The demurrer does not appear in the record. The defendant not having made his demand to have the case transferred within a reasonable time after having been arrested and having given bond, waived the right to have the case transferred. To hold otherwise in such cases would be to retard justice and to allow unnecessary delays in the trial of causes.

The defendant demurred to the indictment upon the ground that there was a misjoinder of actions in the different counts of the indictment; because under some counts of the indictment the defendant could not be punished with a fine of more than $100, while under other counts he could be punished by fine of $500 and sentenced to hard labor for six months. This was not a good ground of demurrer.—*Wooster v. State,* 55 Ala. 220. In which case the rule laid down in *Norvell v. State,* 50 Ala. 174, was overruled.

The defendant was tried upon counts 2, 3, and 4 for the violation of the act approved February 26, 1907, General Acts of Alabama 1907, pp. 200, 626, providing for an election in each county upon petition by a certain portion of the qualified electors of the county to determine whether or not the said law should go into effect in such county. The punishment provided for a violation of this and all prohibition laws then existing is found in General Acts of Alabama 1907, p. 366, approved March 12, 1907.

The only other questions for the consideration of this court were raised by objections to the evidence offered by the state, in trying to show that an election had been held in Walker county, in accordance with said law, about December 9, 1907, and that the result thereof was "against the sale of liquor." Exceptions were duly reserved to the adverse ruling of the court. We shall consider these in the order in which they come. The burden was upon the state to show that such an election had been held, and that the result was "against the sale of liquor." The bill of exceptions purports to set out all the evidence, but shows on its face that it does not. There was no error in allowing the state to prove and introduce in evidence the application upon which the probate judge ordered the election, and, as the bill of exceptions shows that it was introduced in evidence, but fails to set out a copy of same, we will presume that it was in all respects regular and sufficient, there being no evidence to the contrary; the judge of probate who issued the order, testifying that it was signed by more than one-fourth of the qualified voters of the county. If the election was regularly held, upon the order of the probate judge, in accordance with the direction of the statute, after the application had been filed as required by the statute, it was too late then, after the election had been held, and the result duly declared, to undertake to impeach the application by showing, or attempting to show, that some of the signatures to the application were not those of the qualified voters.

There was no error in allowing the state to introduce in evidence the order made by the probate judge for such election, the same having been identified by the said probate judge, J. W. Shepard. This order having been introduced in evidence, as shown by the bill of exceptions, but not copied into the bill of exceptions, will

be presumed to be correct. The bill of exceptions states: "It was agreed by the state and defendant that the notice appearing in each of said issues, and read in evidence was in proper form and sufficient for the purpose of calling an election." The evidence showed, without dispute, that said notice had been published in the Mountain Eagle, a newspaper published in said county for the full time required by the law. There was, therefore, no reversible error in any of the matters objected to and excepted to by defendant while the state was proving the notice and its publication.

The state asked J. W. Shepard, as follows: "Well, Judge, I will ask you to state whether or not there was an election held in this county on December 9th of last year, in obedience to that order?" Defendant objected to the question on the ground that it was incompetent, irrelevant, and immaterial. The court overruled the objection, and defendant duly excepted. The question was not subject to the objection raised. Whether there was such an election or not was a very material inquiry. The state then introduced, as the bill of exceptions states, "a certificate of the result of the election which was in words and figures as follows." Copy of certificate is left out of the bill of exceptions, and we will theretofore presume it was in proper form and sufficient, as required by section 8 of said act.

The bill of exceptions states that "the defendant interposed objections to any evidence showing that defendant bought whisky in February." The objection is too general to be considered, and is otherwise without merit.

Affirmed.

DOWDELL, C. J., and SAYRE and ANDERSON, JJ., concur.