## STATE OF MISSOURI, Respondent, v. JOHN O'KELLEY, Appellant.

**Springfield Court of Appeals, May 8, 1911.**

1. **CRIMINAL LAW: Local Option Law Violation: Adoption of Local Option Law: Prima Facie Showing.** In a prosecution for violation of the Local Option Law, the State is required to prove the publication of the result of the election, but it is *held* that the state makes a prima facie showing of the publication by offering the order of the county court declaring the result of the election and ordering the same published.

2. **LOCAL OPTION LAW: Publication of Result of Election: Criminal Law: Prima Facie Showing.** An order on a county court directing the clerk to have the result of the local option election published once a week, but omitting a direction to the clerk to have the result published for four consecutive weeks, is insufficient, and from it there can be no presumption that the clerk had the result of the election published for four consecutive weeks.

3. **APPELLATE PRACTICE: Criminal Law: Errors in Transcript.** In a criminal case, although the appellate court was satisfied that an order of the county court directing the publication of the result of the local option election was not correctly copied in the transcript, yet it was confined to the transcript for the evidence introduced in the trial court, and reversed and remanded the cause, because of the error in the order of the county court.

Appeal from Dade Circuit Court.—*Hon. B. G. Thurman,* Judge.

REVERSED AND REMANDED.

*Howard Ragsdale* for appellant.

*Edwin Frieze* for respondent.

GRAY, J.—The defendant was prosecuted in the circuit court of Dade county, by information, for selling intoxicating liquors in violation of the Local Option Law. The trial resulted in a conviction, and the defendant appealed.

While the defendant has suggested several reasons, for a reversal, we are of the opinion that the sufficiency of the evidence to prove that the Local Option Law was in force in Dade county at the date of the alleged offense, is the only question in the case.

The evidence relating to the publication of the result of the election, consists in the following order of the county court, made on the 5th day of November, 1907:

"In the matter of the Special election held in Dade county, Missouri, on the 14th day of September, 1907, to determine whether or not spiritous and intoxicating liquors including wines and beer should be sold within the limits of said county and it appearing to the court from the returns of said election as furnished to this court by the clerk thereof and John N. Scott and Frank Chatham, two of the judges of this court, that the whole number of votes cast in said election was 2170 votes; that the whole number of votes cast in said election against the sale of intoxicating liquors was 1344; that the whole number of votes cast at said election for the sale of intoxicating liquors was 826 and that the majority of votes cast at said election against the sale of intoxicating liquors was 518. It is therefore ordered by the court that the clerk hereof shall cause the result of said election to be ascertained and determined as aforesaid to be published once a week in the Dade County *Journal* and the Dade County *Advocate* which are the same newspapers in which said notice of election was published."

Under the provisions of the Local Option Law, it does not become in force until the result of the election has been published once a week for four consecutive weeks in the same newspaper in which the notice of election was published. And while the state is required to prove the publication of the result of the election, it is held that the state makes a prima facie showing of the publication by offering the order of the county court de-

claring the result of the election, and ordering the same published. [State v. Kimmell, this day decided; State v. Searcy, 39 Mo. App. 393; State v. Oliphant, 128 Mo. App. 252, 107 S. W. 32; State v. Robertson, 142 Mo. App. 38, 125 S. W. 215; State v. Kennett, 132 S. W. 286.]

It will be noticed that the order above copied does not direct the clerk to have the result published once a week for four consecutive weeks, but only directs him to have the same published once a week. We cannot presume that the clerk had the notice published for the length of time required by law. We can presume that he complied with the order and had it published once a week as directed by the court, but there is no presumption that he had it published for four weeks.

We are satisfied that the order of the court is not correctly copied in the transcript, but we must look to the transcript for the evidence introduced in the trial court. [Fitzmaurice v. Turney, 214 Mo. 610, 114 S. W. 504; Sheets v. Railroad, 133 S. W. 124.]

The condition of the record in this case is inexcusable. In the case of State v. Kimmell, this day decided, a copy of the order of the court of Dade county declaring the result of this election, is contained in the transcript. It there appears that the court ordered the clerk to cause the result of the election to be published once a week for four weeks, as required by law. And the only reason that the same does not appear in this case is because through the carelessness of some one, this material part of the order was omitted from the transcript.

The judgment will be reversed and the cause remanded. All concur.