# STATE v. CHRIS OVERBY.[1]

December 22, 1911.

Nos. 17,434—(5).

**Violation of car service ordinance — evidence.**

Evidence considered, and *held* to sustain the conviction of the defendant for violating the service ordinance of the city of Minneapolis.

**Municipal court of Minneapolis — judicial notice.**

The municipal court of that city takes judicial notice of all city ordinances, and it is not necessary either to prove or give them in evidence.

Defendant, conductor of a street car, was prosecuted in the municipal court of Minneapolis for the offense of overcrowding a street car, contrary to the ordinance of that city. At the close of the trial, defendant's motion to dismiss the prosecution, for the reason that there was no evidence of passengers boarding the interurban car within the city limits, except the two police officers who made the arrest, and that the officers were not passengers, was denied by Montgomery, J., who found defendant guilty and imposed a fine of five dollars, and dismissed the case against the motorman, on the ground that that part of the ordinance which attempts to hold a motorman liable for knowingly permitting any passengers to be admitted into a car beyond its carrying capacity, is unreasonable as applied to the motorman, and therefore void. From the judgment of conviction, defendant appealed. Affirmed.

*N. M. Thygeson* and *D. R. Frost,* for appellant.

*Daniel Fish,* City Attorney, and *W. G. Compton,* Assistant City Attorney, for the state.

Start, C. J.

The defendant, a conductor of the Minneapolis Street Railway Company, was found guilty in the municipal court of the city of

[1] Reported in 133 N. W. 792.

Minneapolis of unlawfully admitting an excess of passengers into a street car of the company operated by him, contrary to the service ordinance of the city. Thereupon the court adjudged him guilty of the offense, and that as punishment therefor he pay a fine of five dollars. He appealed from the judgment.

The assignments of error raise the general question whether the evidence was sufficient to sustain the conviction.

There was evidence tending to show that two policemen boarded the car in question; that each paid his fare on request of the conductor, and then proceeded to count the passengers in the car and on the platform thereof, and found that the number of adult passengers, excluding themselves, exceeded the legal limit; and, further, that they boarded the car because it was apparently overloaded, and for the purpose only of counting the passengers and arresting the conductor and motorman if they found an excess of passengers. There was also evidence on the part of the defendant tending to show that no passengers, in excess of the limit, except the policemen, who alone constituted the overload, boarded the car within the city limits.

The evidence was conflicting; but the credibility of the witnesses was a question for the trial court, and upon a consideration of the whole evidence we are of the opinion that it is sufficient to sustain the finding of the court that the number of passengers on the car exceeded the legal limit, even if the policemen be excluded. We are not to be understood as holding that the policemen were not passengers upon the special facts which the evidence tended to prove.

It is the further contention that the evidence fails to justify the conviction, for the reason that the ordinance was not offered in evidence.

The charter of the city of Minneapolis (Sp. Laws 1881, p. 440, § 10) provides: "In all actions, prosecutions and proceedings of every kind before the municipal court of the city of Minneapolis, such court shall take judicial notice of all ordinances of the said city, and it shall not be necessary to plead or prove such ordinances in said municipal court." The contention of the defendant is this: "It is unreasonable to expect the supreme court of the state to know

116 M.—20.

the ordinances and the separate provisions of the ordinances of the city. For that reason, the ordinance should not only have been set out and pleaded, but proof should have been given of that ordinance. This was not done in this case, and for that reason the evidence fails to establish any offense."

The case of City of Winona v. Burke, 23 Minn. 254, is cited in support of the proposition, but it is not here relevant, for the statute considered in that case related only to the manner of proving city ordinances, and not to the necessity of proving them. In the case at bar the trial court by reason of the charter provision was required to take judicial notice of the ordinance, precisely the same as it would of a general statute defining and punishing a misdemeanor. There would be no necessity in either case to give in evidence the ordinance or the statute. Therefore, if, as we hold, there was sufficient evidence in the municipal court to establish a violation of the ordinance by the defendant, then the court committed no error in finding the defendant guilty. Such being the case, the question whether this court takes judicial notice of the ordinance is not here relevant, for, if we do not take such notice the burden was on the appellant to show error; hence it was his duty to bring the ordinance to the attention of this court in some practical way.

This case is to be distinguished from the class of cases which are heard de novo in the appellate court. The evidence in this case was sufficient to sustain the conviction.

Judgment affirmed.