STATE OF MISSOURI, Respondent, v. H. M. WILSON, Appellant.

Springfield Court of Appeals, February 5, 1912.

1. EVIDENCE: Records Introducing by Page Number: Failing to Read: Local Option Law Violation. In the prosecution of defendant for violating the Local Option Law, the prosecuting attorney called as a witness the county clerk, who had with him one of the records of the county court and offered in evidence, by page number, certain parts of the record, for the purpose of showing the adoption of the law, the notice and the result, etc. But the record was not read to the trial court, nor was it again referred to in any way. No objection of any kind was made to this offer, nor was any request made that the record be read to the court. *Held*, that the record was sufficiently in evidence to justify the trial court's finding that the Local Option Law had been adopted.

2. **LOCAL OPTION LAW VIOLATIONS:** Evidence Showing Adoption of Law. The question of whether the Local Option Law has been adopted in the county is one of law for the court and the adoption thereof is established prima facie by the state by the production of a certified copy of the result of the election, as spread upon the records of the county court in compliance with that law, and proof that the requisite subsequent publication of the result was made.

3. ————: ————: ————: **Appeal and Error:** Preserving Evidence in Record. Appellant was tried and convicted for violating the Local Option Law. On appeal he raised the objection for the first time that the prosecuting attorney in his attempt to show that the Local Option Law had been adopted, introduced the record of the county court by designating certain pages upon which the various orders of the court relating to the adoption of the law were found, but did not read said orders and the same were not preserved in the record. *Held,* that it was not essential that the orders of the county court be read to the judge; that the material question was whether the Local Option Law had in fact been adopted and if appellant desired to have that question reviewed on appeal, he should have preserved the orders of the county court in the record.

4. **APPEAL AND ERROR:** Bill of Exceptions: Presumption as to Verity. A bill of exceptions when signed by the judge and duly filed becomes a part of the record and must be accepted by the appellate court as a verity until corrected in the manner provided by law.

5. ————: Appellant's Burden: Presumption That Trial Court Discharges Duty. The burden of proof in the appellate court is upon the appellant to show by the record that prejudicial error was committed, as the trial court is presumed to have discharged its duty until the contrary is made to appear.

Appeal from Christian Circuit Court.—*Hon. John T. Moore,* Judge.

AFFIRMED.

*G. A. Watson* for appellant.

The adoption of the Local Option Law by a county is a fact to be proven by the state. Hopkins v. Railroad, 79 Mo. 98; State v. Hays, 78 Mo. 600; State v. Cleaveland, 80 Mo. 108; State v. Mackin, 41 Mo. App. 99; State v. Searcy, 39 Mo. App. 393.

*F. W. Barrett,* Prosecuting Attorney, for respondent.

(1) The proof of the adoption of the Local Option Law is a question of law for the trial court to pass upon. State v. Searcy, 39 Mo. App. 393. (2) In a prosecution for violating the Local Option Law the state makes a prima facie case, showing that the law had been adopted by offering in evidence the records of the county court giving the result of the local option election and ordering the publication of the result of such election. State v. Kimmell, 156 Mo. App 461; State v. O'Kelley, 156 Mo. App. 493. (3) A record is in evidence without being read to the court or jury. Identifying it in the presence of the court is sufficient. Charles v. Patch, 87 Mo. 451. (4) If there is any objection to the insufficiency of the evidence the bill of exceptions must contain all the record. 12 Cyc. 867; State v. Clarkson, 96 Mo. 367; State v. Fretterer, 65 Mo. 422.

NIXON, P. J.—The appellant was prosecuted and convicted of violating the Local Option Law alleged to be in force in Christian county and has appealed.

To prove the adoption of the Local Option Law in said county, the state's attorney called as a witness the deputy county clerk, and the record thereupon discloses the following proceedings: "Q. This is one of the records of your office (indicating)? A. Yes, sir, Record 10. Q. This is a record of the proceedings of the county court? A. Yes, sir." "Plaintiff now desires to offer in evidence Record 10, county court record, page 426, showing the adoption of the Local Option Law; also page 427, showing notice, also page 285, showing the result, also page 413, the order submitting the proposition to the voters, and continued on page 414, also page 493, the *nunc pro tunc* entry, which is continued on page 494." No objection of any kind to this offer appears in the record.

Appellant's sole ground for reversal is that the trial court erred in refusing to give his proffered peremptory instruction at the close of all the evidence which was tendered on the theory that there was no sufficient evidence that the Local Option Law was in force in Christian county. Appellant contends that it was not enough to merely offer the record of the county court in evidence as was done in this case.

It has long been the settled rule that the question whether the Local Option Law has been adopted is one of law for the court. [State v. Searcy, 39 Mo. App. 393, 409; State v. Brown, 130 Mo. App. 214, 109 S. W. 99.] In some jurisdictions it is held that the courts may take judicial notice of the fact that the Local Option Law has become operative by popular vote in a particular district, but Missouri is not one of them. [23 Cyc. 91.] In this state, the adoption of the Local Option Law is established prima facie by the state by the production of a certified copy of the result of the election, as spread upon the records of the county court in compliance with that law, and proof that the requisite subsequent publication of the result was made. [State v. Searcy, 111 Mo. 236, 20 S. W. 186; State v. Kimmel, 156 Mo. App. l. c. 465, 137 S. W. 329; State v. O'Kelley, 156 Mo. App. l. c. 494, 137 S. W. 332.] We do not think the state's attorney in every case and under all circumstances is required to read to the judge the contents of the county court record offered. If the judge had read it, or had it read to him, so that he was familiar with it and had passed on it on other occasions, it is obvious that it would serve no useful purpose to read it again. As we have said, the adoption of the Local Option Law is a question of law. The jury has nothing to do with it, so that the failure of the state's attorney to read it could have no bearing one way or the other in the particular case. Nor is this case like those cases where judicial notice is taken of the adoption of the Local

Option Law for in such cases the record is not brought into court as a part of the state's prima facie case. No advantage was lost by this defendant by reason of the failure of the state's attorney to read the record because the record was there in court where defendant could examine it and attack it in any way he chose. No contention is made here that the record of the county court was in fact defective, or that the Local Option Law was not in fact operative in Christian county. The quantum of proof necessary to convince the judge that the Local Option Law was in force in the county may well vary. We think that when the prosecuting attorney states that he desires to offer in evidence the record of the county court showing the adoption of the Local Option Law and the proceedings of the county court concerning the adoption of such law, and produces the record and calls attention to the pages of the record offered, as in this case, and no objection is made by the defendant and he proceeds with his evidence and makes no request that the state's attorney read the record to the court, the offer is sufficient, and the record is in evidence to all intents and purposes; it is there in court confronting the defendant, and that, we think, is the main thing. "Where the court and parties treat an instrument as in evidence, a formal introduction is waived, and the reading of a document by a witness without objection, or such reference thereto by counsel in his examination as necessarily leads the jury to the conclusion that they are listening to testimony concerning the contents thereof, or other treatment thereof by both parties as if in evidence, puts it in evidence. A written resume of books in evidence may be admitted, and if there is no objection the court may permit a witness to state deductions from bulky documents." [38 Cyc. 1338.] "An offer of documentary evidence must be accompanied by the documents offered. If

offered as a whole they must be admitted or rejected as such, and the whole of it must be read if required." [38 Cyc. 1335, citing Young v. Smith, 25 Mo. 341.] "To make a record evidence it is not necessary that it should be handed or given to the jury." [12 Cyc. 554.] In the trial of a cause, the practice is very common for a party to introduce his record evidence without reading it. [Binder v. State, 5 Iowa 457. See, also, Charles v. Patch, 87 Mo. 1. c. 467.] "Where a writing is produced by counsel, placed in the hands of the witnesses in the presence of the jury, and handled and inspected by some of the jurors, it is in evidence, although not formally offered or read to the jury during the trial. It is proper for the court to instruct the jury that they may consider such instrument in evidence." [Bevington v. State, 2 Ohio St. 160.] In School District v. Allen (Ark.), 104 S. W. 172, the contract in question in the case was offered in evidence, and was handed to the witness while on the stand, and she explained what the contract was. It was not read to the jury. The court said: "We do not think a more formal introduction of the contract was necessary. Its execution was not denied nor its contents questioned. . . . The contract was certainly treated by the court and appellees as in evidence. And appellant must be held, in view of this record, to have waived a more formal introduction." In the divisional opinion in the case of Webb v. Archibald (Mo. Sup.), 28 S. W. 80, Judge Barclay said: "Defendants' claim is that the deed to prove that fact, though 'offered' in evidence, as the bill of exceptions recites, does not affirmatively appear to have been read in evidence. Such a point is almost too intangible to require notice. . . . It appears that the hearing was before the judge, and that the deed was offered in evidence without objection. It is wholly unimportant whether or not it was actually read in evidence. The judge may have read it himself, if

it suited him, or informed himself otherwise of its contents, in some manner satisfactory to him, during the course of the hearing. No objection was offered at the trial as to the mode in which the deed was brought under the consideration of the court. We cannot properly consider such an objection advanced first in this court. [Rev. St. 1889, Sec. 2302.]''

It is true, the following statement appears at the close of the evidence, just after the last question and answer:

"This was all the testimony in the case. The record of the county court herein referred to was not read to the court or by the court nor was it referred to again in any way during the trial."

This reads like the comment of the stenographer who transcribed the testimony, and that he was thereby giving an excuse why the county court record concerning the adoption of the Local Option Law was not copied in the record.

A bill of exceptions, however, when signed by the judge and duly filed becomes a part of the record and must be accepted by the appellate court as a verity until corrected in the manner pointed out by law.

The fact that the judge neither read the records of the county court pertaining to the adoption of the Local Option Law nor heard them read in that particular case did not preclude his knowing their contents. Indeed, the fact that appellant's attorney made no objection may well have been taken as an admission of its sufficiency. The fact that the learned trial judge permitted the defendant to introduce his evidence, and then refused to give a peremptory instruction, and subsequently by instructions told the jury in effect that the Local Option Law was in force in Christian county, is evidence that he was informed of the contents of the county court records. It is always to be assumed that the trial judge acted in harmony with principles of law and that his judgment was correctly

pronounced. [Webb v. Archibald, supra.] In this case the question is quite immaterial how the judge came to the conclusion he did as to the adoption of the Local Option Law; the material question was whether the Local Option Law had in fact been adopted, and whether the evidence produced by the state at the trial was sufficient as a matter of law to authorize that conclusion. If the appellant desired to have us review that question he should have preserved the evidence in the record. The burden of proof in the appellate court is upon the appellant to show by the record that prejudicial error was committed as the trial court is presumed to have discharged its duty until the contrary is made to appear. The judgment is affirmed. All concur.