## STATE OF INDIANA v. ADE.

[No. 22,148.   Filed November 26, 1912.]

1. INTOXICATING LIQUORS.—*Unlawful Sales.*—*Appeal.*—*Review.*—
*Evidence.*—*Instructions.*—In a prosecution for selling intoxicating liquor without a license, where defendant claimed to have a license granted to him by a judgment of the circuit court subsequently to the holding of a local option election which, according to the certificate of the election commissioners, resulted in favor of the sale of intoxicating liquors, but which was determined by the county commissioners to have resulted in prohibiting such sale, the rulings of the trial court on the admissibility of evidence and the giving and refusing of instructions, based on the theory that the certificate of the board of election commissioners as to the result of such local option election was conclusive and that the board of county commissioners had no power to go behind the return of such election commissioners and determine the result to be otherwise than as shown by such return, were erroneous.   pp. 591, 592.

2. INTOXICATING LIQUORS.—*Local Option Election.*—*Determination of Result.*—*Power of County Commissioners.*—The board of county commissioners has the power to go behind the return of the board of election commissioners as to the result of a local option election, and determine and declare the correct result.   p. 591.

3. INTOXICATING LIQUORS.—*Local Option Elections.*—*Determination of Result by County Commissioners.*—*Collateral Attack.*—The declaration of a board of county commissioners as to the result of a local option election is not subject to collateral attack.   p. 591.

4. INTOXICATING LIQUORS.—*Local Option Elections.*—*Evidence.*—*Judicial Notice.*—Courts are bound to take judicial notice of the result of a local option election as declared by the board of county commissioners.   p. 591.

5. INTOXICATING LIQUORS.—*Local Option Elections.*—*License.*—*Validity.*—Where the board of county commissioners has declared the result of a local option election to be in favor of prohibiting the sale of intoxicating liquors, a license thereafter granted by the judgment of the board, or of any court, is void.   p. 591.

From Howard Circuit Court; *William C. Purdum,* Judge.

Prosecution by the State of Indiana against Charles F. Ade.   From a judgment acquitting defendant, the State appeals.   *Appeal sustained.*

*Thomas M. Honan,* Attorney-General, *D. P. Strode, Harness, Moon & Voorhis, Bell & Kirkpatrick,* for the State.

*Rabb & Mahoney,* for appellee.

MONKS, C. J.—Appellee was charged by appellant with the offense of selling intoxicating liquors as a beverage in Howard county, Indiana, on November 13, 1911, without a license. Appellee, being arraigned, entered a plea of not guilty. The case was tried by a jury, and at the close of the evidence the court instructed the jury to return a verdict of not guilty. The jury, in compliance with said instruction, returned a verdict of not guilty, and final judgment was rendered thereon, discharging appellee. From this judgment the State appeals.

The evidence given in the cause on behalf of the state showed the sale of intoxicating liquors on November 13, 1911, at appellee's saloon in the city of Kokomo, Howard county, Indiana, as charged in the affidavit. Appellee did not deny the sale, but claimed to have a license under the laws of the State to sell intoxicating liquors as a beverage at retail in said city of Kokomo, granted to him by a judgment of the Howard Circuit Court on October 12, 1911, and that said license authorized him to make the sale charged in the indictment. A paper, purporting to be a license granted by order of the Howard Circuit Court to appellee on October 12, 1911, for one year from October 12, 1911, to sell intoxicating liquors, etc., in Kokomo, Indiana, was read in evidence, over the objection of the State.

The State insists that "the judgment of the Howard Circuit Court granting said license was without jurisdiction and void, and the license issued thereon was void, and did not authorize appellee to sell intoxicating liquors as a beverage in said city of Kokomo, for the reason that a local option election had been held in the city of Kokomo on February 28, 1911, under the local option law approved February 3, 1911 (Acts 1911 p. 8), and the result thereof, as declared

by the board of commissioners on March 22, 1911, was that a majority of the votes cast at said election was in favor of prohibiting the sale of intoxicating liquors as a beverage in said city.'' If the Howard Circuit Court had no jurisdiction to grant said license, and the same was void, as claimed by the State, this appeal must be sustained.

On February 28, 1911, a local option election was held in the city of Kokomo, Howard county, Indiana, under the local option law (Acts 1911, *supra*), and the board of election commissioners certified the result of said election to be that a majority of the votes cast at said election was against prohibiting the sale of intoxicating liquors as a beverage in said city. The result as certified by said election commissioners was contested before the board of commissioners, and, after a trial of said contest, said board on March 22, 1911, made and entered an order and judgment declaring the result of said local option election to be that a majority of the legal votes cast at said election was in favor of prohibiting the sale of intoxicating liquors as a beverage in said city.

The proceedings in regard to said local option election and the acts of the election officers, election commissioners and the board of commissioners of Howard county are more fully set out in the opinion in *Jay* v. *O'Donnell* (1912), *ante*, 282, 98 N. E. 349. It is provided in said local option law that ''if a majority of the legal votes cast at said election shall be in favor of prohibiting the sale of intoxicating liquors as a beverage in the territory in which said election was held under this act, it shall thereafter be unlawful for said commissioners or any court to grant a license to any person for the sale of intoxicating liquors in such territory, and the board of commissioners thereafter shall have no power or jurisdiction to hear or consider applications for license to sell intoxicating liquors nor to grant such license to any person in such territory until at a subsequent election held under this act a majority of the legal voters of

such territory voting at such subsequent election shall vote against prohibiting the sale of intoxicating liquors as a beverage.''

The trial court in ruling on the admissibility of evidence, and in giving and refusing to give instructions in this case, held, in effect, that the board of commissioners of Howard county had no power to go behind the return made by the board of election commissioners, and hear or determine the question whether a majority of the legal votes cast was cast for or against prohibiting the sale of intoxicating liquors as a beverage in said city, and that the certificate of the board of election commissioners, as to the result of said election, filed with the county auditor, was conclusive, and the only evidence of the true result of said election.

In *Jay* v. *O'Donnell, supra,* the effect of said declaration of the board of commissioners of Howard county made on March 22, 1911, ''that the majority of the votes cast at said local option election in said city of Kokomo was in favor of prohibiting the sale of intoxicating liquors as a beverage in said city,'' and the power of said board to declare said result were presented, and this court held (1) that the board of commissioners had the power to go behind the return made by the election commissioners, and determine whether a majority of the legal votes cast was cast for or against prohibiting the sale of intoxicating liquors as a beverage in the territory in which the election is held, and declare the correct result thereof; (2) that said declaration of the board was not subject to collateral attack; (3) that the courts were bound to take judicial notice of the result of said election, as declared by the board of commissioners; (4) that the judgment of the board of commissioners or of any court in granting license to any applicant after a local option election had been held in such territory and the result as declared by the board of commis-

sioners was in favor of prohibiting the sale of intoxicating liquors as a beverage in such territory is unlawful and without jurisdiction, and therefore void and of no effect. Appellee's license being void did not authorize him to sell intoxicating liquors, and was therefore no defense in this action.

It follows that the court below erred in many of its rulings complained of by the State as to the admissi-

1.   bility of evidence and in refusing to give many of the instructions requested by the State, and in instructing the jury to return a verdict of not guilty.

The appeal is therefore sustained.

Note.—Reported in 99 N. E. 983. See, also, under (3) 23 Cyc. 103—New Anno.; (4) 16 Cyc. 870—11 Anno.; (5) 23 Cyc. 92. For a discussion of the inquiry into the validity of a license produced by the defendant in a prosecution for the sale of liquors without a license, see 12 Ann. Cas. 714.