# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF MINNESOTA.

## A. A. WHITE TOWNSITE COMPANY v. CITY OF MOORHEAD and Others.[1]

*December 13, 1912.*

Nos. 17,729—(82).

**Assessment for local improvement — remedy of landowner.**

Where, under the charter of a city, the assessment of benefits for public improvements is given to a board of commissioners, with a right of appeal from the assessment to the district court, the owner of property assessed cannot maintain an action to set aside the contract for the improvement and the assessment against his property on any grounds not going to the want of power or jurisdiction on the part of the city to make the improvement, or the assessment. His remedy by a hearing before the commissioners and by appeal is exclusive.

[1] Reported in 138 N. W. 939.

Note.—As to finality of decisions pertaining to local improvements, see note in 19 L.R.A.(N.S.) 382.

For cost of public improvements as indebtedness within debt limit provision, see note in 37 L.R.A.(N.S.) 1072.

120 M.—1.

**Judicial notice — home rule charter.**

    The court will take judicial notice of the contents of a home rule charter, and of amendments regularly adopted thereto, certified and deposited as required by law.

**Limit of municipal indebtedness.**

    An amendment to the charter of Moorhead construed and *held* to empower and authorize the city to construct a pavement on and retaining wall along a certain street, notwithstanding that the cost of such improvement would make the indebtedness of the city exceed the limit prescribed by the original charter.

Action in the district court for Clay county to have a certain contract declared void and to set aside certain assessments levied against plaintiff's property for a retaining wall and pavement. From an order, Taylor, J., sustaining defendants' demurrer to the complaint, plaintiff appealed. Affirmed.

*Christian G. Dosland,* for appellant.

*Garfield H. Rustad* and *F. H. Peterson,* for respondents.

BUNN, J.

This action was brought by plaintiff to have declared void a contract entered into by defendant city of Moorhead for the construction of a retaining wall and pavement on one of its streets, and to have set aside the special assessments levied against property of plaintiff for such construction. Plaintiff appealed to this court from an order sustaining a demurrer to the complaint.

Does the complaint state a cause of action? Its allegations are in substance as follows:

Plaintiff, a corporation, is the owner of certain lots and tracts of land within the corporate limits of the city of Moorhead, which city in May, 1900, adopted a home rule charter pursuant to article 4, section 36, of the state Constitution, and chapter 351, p. 462, Laws 1899. This charter provides that "the debt of the city shall not be increased, by bonds or otherwise, beyond five per cent of the total value of the taxable property of the city, according to the last preceding assessment for the purposes of taxation." The city is em-

powered to levy assessments for local improvements, to the extent of benefits only. The bonded indebtedness of the city is $92,000; the total value of the taxable property of the city, according to the assessment for the year 1909, was $1,227,650. On May 25, 1910, the city entered into a contract with one Kennedy, by which the contractor agreed to construct a retaining wall to furnish lateral support to the soil in a street running along the lots owned by plaintiff, and to construct a pavement on such street. For this work the city agreed to pay Kennedy the sum of $14,562.33, and pledged its good faith and credit for such payment. It is alleged that the plans and specifications for the construction of the retaining wall and pavement were wholly inadequate, defective and impractical, for reasons specifically pointed out; that the wall and pavement were constructed under the contract and specifications, but not according to the best and approved engineering methods, in that the wall was constructed of rows of piling and planks, whereas a solid concrete wall extending beneath the quicksand was necessary, in order to prevent the quicksand constituting the subsoil of the street from flowing under the wall, thus causing the pavement to settle. It is alleged that the pavement has settled and will continue to settle, and that it will in a few years be absolutely worthless. The president of plaintiff appeared before the city council when the plans and specifications were under consideration, pointed out the defects, and protested against the construction of the wall and pavement in accordance with such plans and specifications, but his protest was unavailing. The wall and pavement were constructed, and when the commissioners met to assess the damages and benefits, plaintiff appeared and filed written objections against the assessment of any of the cost against its property. Nevertheless, the commissioners wrongfully, unjustly and illegally assessed the entire cost of the wall and a great portion of the cost of the pavement against the property of plaintiff. Its lots assessed are on an average fifteen feet below the level of the street paved; the wall was constructed for the sole purpose of furnishing lateral support for the pavement, at an enormous expense, which was wrongfully, unlawfully and unjustly assessed against plaintiff's property. The assessments against plaintiff's lots

for the wall and pavement aggregate $2,937.04, which sum is greatly in excess of the value of the lots, and the benefits accruing to them by reason of the construction of the wall and pavement.

The levy and assessment made by the city has been certified by the city clerk to the county auditor of Clay county, and by him entered upon the assessment roll and taxed against plaintiff's property.

It is clear that as to all matters going to show that plaintiff's property was not specially benefited by the improvement, and to show mistakes in the plans and specifications, or in making the assessment, plaintiff is without a remedy in this action. The charter of Moorhead provides that any person, interested in any property assessed for benefits resulting from any improvement, may appeal from such assessment to the district court of Clay county, and such appeal is declared to be the exclusive way in which such assessment can be in any wise reviewed, modified, or annulled. It is alleged in the complaint that plaintiff appeared before the commissioners and filed objections to the assessment of its property, but whether it appealed to the district court from the assessment made does not appear. In any event, such appeal is the sole and exclusive remedy, and whether taken or not, plaintiff cannot attack the assessment in an action for that purpose brought after the improvement is made and the contractor paid. This is true as to all matters that do not go to the power of the city to enter into the contract, and disposes of the entire complaint, except the charge that the city in entering into the contract incurred an indebtedness in excess of the limit provided by its charter.

Plaintiff contends that every contract made with a municipality which creates an indebtedness in excess of the legal limit is absolutely void, and that an assessment levied to pay the cost of work done under such a contract is absolutely void, and so subject to attack in an independent action to set it aside as a cloud on the title to property covered by it. Conceding but not deciding this to be correct, and also that failure to raise the objections before the work is actually completed, and the contractor paid, does not estop plaintiff from now claiming the invalidity of the contract as a ground

for setting aside the assessment, we are brought to the question whether the contract did create an indebtedness in excess of the limit fixed by the charter of the city at the time the contract was entered into.

As we have stated, the city of Moorhead adopted a home rule charter in May, 1900, which charter fixed the limit of indebtedness at five per cent of the assessed valuation of the city's property. The court will take judicial notice of the provisions of a home rule charter. This was so provided in the Laws of 1899, pursuant to which the city of Moorhead adopted its charter, and the same provision is in all subsequent legislation on the subject. We hold without hesitation that we will take judicial notice of amendments to the charter regularly adopted as well as of the original charter. The law requires amendments adopted by the voters to be certified and a copy deposited in the office of the secretary of state, as in the case of the original charter. An amendment so adopted and certified becomes a part of the charter, and there is no reason for saying that courts will not take judicial notice of such amendments.

It appears that at a special election held May 9, 1910, the voters of Moorhead adopted an amendment to the charter, which was duly certified and deposited as required by law. This amendment expressly authorized the city to construct a permanent pavement on, or otherwise improve, the street in question, and to enter into the necessary contracts for such work, "all provisions of the charter to the contrary notwithstanding." This amendment was adopted shortly before the contract in question was entered into, and its purpose was clearly to make legal the undertaking. So far as we can see the work was not prohibited by the original charter, except that the cost thereof would make the indebtedness of the city exceed the five per cent limit, and it is entirely fair to assume that the purpose of the amendment was to authorize the work notwithstanding the indebtedness limit. It was quite clearly within the power of the people of Moorhead to so amend the charter adopted by them as to authorize the expenditure of money for this improvement, though the limit was exceeded. And we think that the intention to do so is apparent, and that the language of the amendment is sufficiently

expressive of such intention. It is to be noted that the amendment, as so construed, is not in violation of the Constitution or of the laws prescribing the provisions of home rule charters with respect to the limit of indebtedness permitted.

We agree with the learned trial court that the complaint did not state a cause of action.

Order affirmed.