## Hensley v. Commonwealth.

(Decided October 3, 1916.)

### Appeal from Powell Circuit Court.

Intoxicating Liquors—Judicial Notice—Evidence.—Where the local option law has been put in force by a vote of the people of the county held under the general local option law, that fact must be shown in order to convict; but, where the sale of intoxicating liquors is forbidden by a special Act of the legislature applicable to the territory in question, the courts of the Commonwealth will take notice of the existence of such special Act and the territory to which it is applicable.

A. T. STEWART for appellant.

M. M. LOGAN, Attorney General, and D. O. MYATT, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER—Reversing.

Dock Hensley appeals from a judgment of the Powell circuit court finding him guilty of selling intoxicating liquors in local option territory, and fixing his punishment at a fine of $100.00 and imprisonment in the county jail for 40 days.

At the conclusion of all the evidence the appellant moved the court to peremptorily instruct the jury to find him not guilty. This motion was based upon the fact that the Commonwealth failed to prove that Powell county was local option territory. As there was no proof upon the subject, the appellant's motion for a peremptory instruction should have been sustained, unless Powell county was made local option territory by a local or special Act of the General Assembly.

It is well settled that where the local option law has been put in force by a vote of the people of the county held under the general local option law, that fact must be shown in order to convict; but, where the sale of intoxicating liquors is forbidden by a special Act of the legislature applicable to the territory in question, the courts of the Commonwealth will take notice of the existence of such special Act and the territory to which it is applicable. Crigler v. Commonwealth, 120 Ky. 512; Ball v. Commonwealth, 30 Ky. L. R. 600, 99. S. W. 326.

We have been referred to no special charter or Act making Powell county dry territory; on the contrary, the Attorney General concedes that no such special Act exists.

The other questions suggested in the appellant's brief are not decided.

Judgment reversed.