# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF MINNESOTA.

---

## STATE v. MARGARET KUSICK.[1]

### January 7, 1921.

### No. 21,832.

**Intoxicating liquor — judicial notice of election under local option.**
Judicial notice will not be taken that a county has, by an election, come under the county local option statute.

Defendant was indicted by the grand jury of St. Louis county charged with the crime of unlawfully storing and possessing intoxicating liquor for sale, tried in the district court for that county before Hughes, J., and a jury and found guilty as charged in the indictment. From an order denying her motion for a new trial, defendant appealed. Reversed.

*Victor L. Powers,* for appellant.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Assistant Attorney General, *Warren E. Greene,* County Attorney, and *E. L. Boyle,* Assistant County Attorney, for respondent.

DIBELL, J.

The defendant was indicted for having in her possession in St. Louis county on December 28, 1918, intoxicating liquor for sale. She was

[1]Reported in 180 N. W. 1021.
148 M.—1.

found guilty and appeals from the order denying her motion for a new trial. There was no proof that St. Louis county had voted to prohibit the sale of intoxicating liquor pursuant to the provisions of the county local option statute. Laws 1915, p. 24, c. 23. The question presented is whether the court will take judicial notice of the fact and result of an election had pursuant to the statute. The court of course takes notice of the local option statute. Whether a particular county has come under the provisions of the statute is a question for the court, either to be judicially noticed or to be found as a fact. It is not for the jury.

The statute provides for the submission of the question of prohibition at a special election, and for a resubmission, subject to limitations, from time to time. It provides relative to the evidence of the result of the election and the sufficiency of an indictment as follows:

"The certificate of the county canvassing board filed as in this act provided, or a duly certified copy thereof, shall be prima facie evidence in all courts of this state of the facts therein set forth and that said election was petitioned for, ordered, held and conducted, all as provided by law. In any complaint, information or indictment for the violation of any of the provisions of this act, it shall not be necessary to set forth the facts showing that the required number of voters in the county petitioned for the election or that the election was held or that a majority voted in favor of prohibiting the sale of intoxicating liquor as herein provided; but it shall be sufficient to allege that the act complained of was then and there prohibited and unlawful." Laws 1915, p. 31, § 14.

There are no controlling decisions in this state, but there are cases useful by way of analogy. The rule is that courts do not, in the absence of a statutory command, take judicial notice of village or city ordinances. City of Winona v. Burke, 23 Minn. 254; State v. Oleson, 26 Minn. 507, 5 N. W. 959. But, if the statute requires judicial notice of them to be taken, proof is unnecessary. State v. Overby, 116 Minn. 304, 133 N. W. 792; State v. Schoenig, 72 Minn. 528, 75 N. W. 711. Judicial notice may be taken, under certain circumstances, that a village is incorporated. Goulding v. Ferrell, 106 Minn. 44, 117 N. W.

1046. But judicial notice is not taken, it seems, that a village incorporated under a special act was reincorporated under Laws 1883, p. 72, c. 73, at a special village election authorized by statute. State v. Nolan, 37 Minn. 16, 33 N. W. 36. Judicial notice is taken of home rule charters duly certified and deposited, for the statute so provides. A. A. White Townsite Co. v. City of Moorhead, 120 Minn. 1, 138 N. W. 939. Statutes are common providing conditions under which judicial notice will be taken of municipal ordinances and charters. G. S. 1913, §§ 1265, 1349, 7773.

Looking to the cases in other jurisdictions, involving the direct question, we find the doctrine quite definitely stated that judicial notice will not be taken that a county or other municipality has adopted a local option statute. Grider v. Tally, 77 Ala. 422, 54 Am. Rep. 65; Ex parte Reynolds, 87 Ala. 138, 6 South. 335; Long v. State, 165 Ala. 101, 51 South. 636; People v. Mueller, 168 Cal. 521, 143 Pac. 748, L.R.A. 1915F, 788; Hensley v. Commonwealth, 171 Ky. 316, 188 S. W. 408; Whitman v. State, 80 Md. 410, 31 Atl. 325; People v. Murphy, 93 Mich. 41; People v. Edwards, 174 Mich. 445, 140 N. W. 473; Bryant v. State, 65 Miss. 435, 4 South. 343; State v. Wilson, 161 Mo. App. 301, 143 S. W. 534; State v. O'Brien, 35 Mont. 482, 90 Pac. 514, 10 Ann. Cas. 1006; Gay v. City of Eugene, 53 Ore. 289, 100 Pac. 306, 18 Ann. Cas. 188; Bills v. State, 55 Tex. Cr. 541, 117 S. W. 835. The same principle is applied in Iowa where prohibition is the rule, and exemption from it the exception. State v. Van Vliet, 92 Iowa, 476, 61 N. W. 241. The rule formerly prevailing in Mississippi has been changed by statute. Puckett v. State, 71 Miss. 192, 14 South. 801; Irby v. State, 91 Miss. 542, 44 South. 801.

In some jurisdictions judicial notice is taken. Combs v. State, 81 Ga. 780, 8 S. E. 318; Woodard v. State, 103 Ga. 496, 30 S. E. 552; State v. Schmitz, 19 Idaho, 566, 114 Pac. 1; State v. Gutke, 25 Idaho, 737, 139 Pac. 346; State v. Ade, 178 Ind. 588, 99 N. E. 983; Jay v. O'Donnell, 178 Ind. 282, 98 N. E. 349, Ann. Cas. 1915C, 325; State v. Arnold, 80 S. C. 383, 61 S. E. 891; Thomas v. Commonwealth, 90

Va. 92, 17 S. E. 788; Savage v. Commonwealth, 84 Va. 582, 5 S. E. 563. This is substantially the rule in Maryland. Mitchell v. State, 115 Md. 360, 80 Atl. 1020.

We quoted above the statutory provision as to evidence that a county has come under the local option statute. In People v. Murphy, 93 Mich. 41, 52 N. W. 1042, where there was involved a statute prescribing what should be evidence that the provisions of the local option statute were in force in a particular county, the court said:

"It is contended by the prosecution that the court was authorized to take judicial notice that prohibition was in force in Van Buren county. Without passing upon the question of whether it would be competent for the legislature to provide that the resolution or enactment of the board of supervisors be treated as a general law, of which courts may take judicial cognizance, it is sufficient to say that by the very clear provisions of the act in question the legislature negatived any such purpose, but has prescribed what shall constitute the evidence of the fact that the provisions of the law are in force in a particular county."

Whether, as there held, a court should decline to notice judicially a fact for which the legislature furnishes a method of proof, we need not discuss. It would seem, however, that if the fact is one that the court judicially knows it need not surrender its right to take judicial notice because the legislature prescribes a mode of proof. And there is much to be said in support of the suggestion that the court may judicially notice in a specific case what it cannot be required to notice in all cases, or that it may make prima facie assumptions in the course of a trial. 5 Wigmore, Ev. § 2571; Thayer, Preliminary Treat. Ev. 299, et seq. Here the fact essential to make the act of the defendant a crime was readily susceptible of proof, and, if assumed as a fact by way of judicial notice, was easily susceptible of disproof. Its existence was essential to a conviction.

The weight of authority is with the cases holding that judicial notice will not be taken whether a county has come under a local option statute. The principle of our decisions cited, and our statutory law, harmonize

with the weight of authority. The rule which requires proof is a good working one and that is important. It is definite. Without entering upon a discussion of the merits of one holding or the other, and, without prolonging a consideration of the case, we hold that judicial notice will not be taken that a county has come under the local option statute. We take it that this has been the understanding of the bar. The omission of proof here was likely an oversight. The rule imposes no hardship and works well.

Order reversed.

HALLAM, J. (dissenting).

I dissent.