THE STATE *v.* JOHN BERTRAND.

1. LIQUOR, SALE OF. *Indictment. Local option election. Judicial notice.*

   An indictment for unlawfully selling intoxicating liquors need not aver the holding of a local option election or its result, for, by § 2621, code 1892, the courts are required to take judicial notice of this.

2. SAME. *Indictment. When sufficient. Allegation of unlawful sale.*

   In a county which has voted against the sale, it is not necessary that the indictment allege that accused had no license, since no license could be lawfully granted. It is sufficient to allege that he unlawfully sold and retailed intoxicating liquors. *Norton* v. *State,* 65 Miss., 297.

FROM the circuit court of Perry county.

HON. S. H. TERRAL, Judge.

Appeal by the state from a judgment sustaining a demurrer to an indictment. The indictment, which was for the unlawful sale of intoxicating liquors, alleged "that John Bertrand, on the twenty-eighth day of May, 1894, in Perry county, did unlawfully sell and retail intoxicating liquors and drinks, against the peace and dignity of the state of Mississippi." Accused demurred to the indictment, on the ground that it failed to allege a local option election had been held, or to show the result of the election, and because it did not appear whether the indictment was under the general or local option law.

*Frank Johnston,* attorney-general, for the state.

By § 1621, code 1892, courts take judicial notice of the result of local option elections. It was therefore unnecessary to aver that an election had been held. The indictment charges the sale of liquors without authority of law, and that is sufficient. *West* v. *State,* 70 Miss., 598.

No counsel for appellee.

COOPER, C. J., delivered the opinion of the court.

We know, because we are by law required to take judicial notice of the fact, that, at the time laid in the indictment, there had been a local option election held in Perry county, resulting against the sale of intoxicants therein. Code 1892, § 1621.

There could not have been a lawful sale of intoxicating liquor in the county, for no license might be lawfully granted in that county, and in no part of the state may one lawfully retail without license. The indictment therefor sufficiently charged a violation of law. *Norton* v. *State*, 65 Miss., 297. It was unnecessary to aver in the indictment that the local option law had been put in force in the county, for of that fact the court took judicial notice. *Jackson* v. *State*, 72 Ga., 28 ; *Choen* v. *State*, 85 Ind., 209 ; *United States* v. *Williams*, 4 Biss., 302 ; Bishop's Dir. & Forms, §§ 261, 328, 346. The demurrer should have been overruled.

*Reversed and remanded.*