JACOB IRBY v. STATE OF MISSISSIPPI.

[44 South., 801.]

1. CRIMINAL LAW AND PROCEDURE. *Indictment. Unlawful act.*

If an act be unlawful under all circumstances, an indictment or affidavit charging its commission will not be invalid because of a failure to aver that it was unlawfully done.

2. SAME. *Intoxicants. Prohibition county.*

In a prosecution for selling whiskey by the quart in a prohibition county, it was unnecessary that the affidavit should allege that the sale was "unlawful."

3. SAME. *Evidence. Judicial notice.*

In a prosecution for an unlawful sale of intoxicants, the court will take judicial notice that the county is under the prohibition law.

FROM the circuit court of, first district, Panola county.

HON. JAMES B. BOOTHE, Judge.

Irby, the appellant, was tried and convicted for unlawfully selling whiskey, fined $50, sentenced to jail for sixty days, and appealed to the supreme court.

The affidavit charging the offense was made before the mayor of the town of Sardis, Panola county, an *ex-officio* justice of the peace of the county and was in the following words:

"State of Mississippi, Panola County. Before me, E. C. Howry, mayor of Sardis and *ex-officio* justice of the peace of the county aforesaid, appeared C. L. Gordon, who makes oath, on information, that Jake Irby, in the First district of Panola county, state aforesaid, did engage in selling whiskey in the town of Sardis on the 18th day of February, 1905, by selling one quart to Eugene Armstead, contrary to the peace and dignity of the state of Mississippi."

The trial in the court of the justice of the peace resulted in the conviction of Irby and he appealed to the circuit court,

and after his conviction there he moved for an arrest of judgment and for a new trial, because the affidavit failed to charge that the sale was " unlawful." The motions were overruled.

*Shands & Montgomery,* for appellant.

The affidavit against appellant was defective and invalid in that it failed to charge that appellant engaged in a sale that was unlawful. It failed to use the word, " unlawfully " in charging that appellant sold the intoxicant. *Jordan* v. *State,* 87 Miss., 170; *Railroad Company* v. *Poole,* 72 Miss., 490; *Riggs* v. *State,* 26 Miss., 51.

It is not sufficient to charge the commission of an offense which is simply *malum prohibitum,* in the language of the statutes; for the act, not being *malum in se,* will be presumed to have been lawfully done unless this presumption is negatived by positive language. *Wile* v. *State,* 60 Miss., 260.

Even though the court should take judicial notice that Panola county is a dry county under the local option law, and the sale was made in that county, yet the court must bear in mind that intoxicating liquors may under some circumstances be legally sold in dry counties, as expressly stated in Laws 1896, ch. 71, p. 82, giving wholesale druggists, domiciled and doing business in Mississippi, the right to sell alcohol to retail druggists and physicians, in any quantity not less than one gallon, without license; and as stated in Laws 1896, ch. 100, p. 107, making lawful the sale of wine made of grapes grown by the seller, in any quantity not less than one gallon in counties in which an election has been held on the subject of the sale of intoxicants, and which resulted against the sale thereof, and making it lawful for the executor or administrator of a deceased person to sell wine made of grapes grown by the deceased and remaining as part of his estate, within six months after the passage of the act. Hence it

was important and material that the affidavit should charge that the sale by appellant was unlawfully made.

In *King & Wall* v. *State,* 58 Miss., 737, which was a prosecution of appellants for the sale of intoxicating liquors, COOPER, J., in delivering the opinion of the court, used the following language: " And for the defendants, it (the court) instructed the jury that if they believed that defendants sold the compound in good faith as a medicine, and not as a beverage, they ought to be acquitted, although the medicine contained vinous and spirituous liquors sufficient to intoxicate. And this instruction, we think, fairly presented the law. And see *Goode* v. *Slate,* 87 Miss., 495, where TRULY, J., reaffirmed the above doctrine.

The case of *State* v. *Bertrand,* 72 Miss., 516, relied on by the learned assistant attorney-general, is not in point.

*George Butler,* assistant attorney-general, for appellee.

In local option counties it is a violation of law to sell intoxicating liquors; that is to say, it is " unlawful " to sell intoxicating liquors. Code 1906, § 1746. The court will take judicial notice what counties are dry and what are wet; hence the court knows judicially that Panola county, where appellant made his sale, was a dry county.

The presumption of law is that every intoxicating liquor sold without authority of a license is in violation of law. Upon a prosecution of an unlawful sale of intoxicating liquors, the general rule is that the state, by proving the sale and the intoxicating nature of the liquor, makes out a *prima facie* case authorizing a conviction. *Goode* v. *State,* 87 Miss., 495.

It is not necessary that the indictment for a sale of intoxicating liquors should allege that the accused had no license; because there could not have been a lawful sale in the county, for a license could not be lawfully granted in that county. *State* v. *Bertrand,* 72 Miss., 516.

Hence, if no license can be granted, no lawful sale could

be made by appellant, and of course, if a sale was made, it was unlawful. This case is distinguishable from the case of *Jordan* v. *State,* 87 Miss., 170, cited by appellant. That was a case based on supposed violation by appellant of the statute against carrying concealed weapons, and in which this court stated that the affidavit or indictment must charge that the weapon was "unlawfully" carried. There are instances when the carrying of a pistol concealed would not be unlawful. But in a dry county, no sale of a quart of whiskey could be made by appellant which would have been legal.

WHITFIELD, C. J., delivered the opinion of the court.

The court judicially knows that Panola is a dry county, and that a license to sell intoxicating liquors in that county could not be issued, and that there could not have been a lawful sale in the county, since no license could lawfully be granted. *State* v. *Bertrand,* 72 Miss., 516; 17 South., 235. It is said that ch. 71, p. 82, of the Laws 1896, makes it lawful for wholesale druggists domiciled and doing business in the state of Mississippi to sell alcohol to retail druggists and physicians in any quantity not less than one gallon without license, and that ch. 100, p. 107, Laws 1896, makes lawful the sale of wines made of grapes grown by the seller in any quantity not less than one gallon in counties in which an election has been held on the subject of the sale of liquors, and which resulted against the sale, and making it lawful under any circumstances for the executor or administrator of any deceased person to sell wine made by such deceased person of grapes grown by him and left as a part of his estate, within six months after the passage of the act, etc., whether there has been such an election or not. These statutes cannot help appellant. He is indicted for selling whiskey by the quart in a county which after election has voted against the sale. We do not think the word "unlawful" was necessary when the sale of any whiskey by the quart in the county was illegal.

*Affirmed.*