FALKNER v. STATE.

(Division B.  Dec. 31, 1923.  Suggestion of Error Overruled

Jan. 14, 1924.)

[98 South.  345.  No. 23231.]

1. INTOXICATING LIQUORS.  *Searches and seizures.  Mayor may issue search warrant to be served outside city limits.*

The mayor of a municipal corporation, who is *ex officio* justice of the peace, may issue a search warrant to be served outside the municipal limits and made returnable before a justice of the peace of the district in which the premises to be searched is situated under section 2088, Hemingway's Code (Laws 1908, chapter 115), providing that on affidavit being made, etc., any justice of the peace of the county may issue search warrants.

2. CRIMINAL LAW.  *Intoxicating liquors. When instruction defining offense must use word "unlawfully" stated.*

In a prosecution for having intoxicating liquors in one's posses-
sion under chapter 189, Laws 1918 (section 2163b, Hemingway's
Code Supp. 1921), an instruction defining the offense should use
the word "unlawful" or "unlawfully," as under some conditions
some intoxicating liquors may be lawfully possessed; but such
omission is not reversible error in a case where the intoxicating
liquor in question was whisky, as it is not lawful for a person
not an officer to have such liquor at all.

APPEAL from circuit court of Leake county.

HON. G. E. WILSON, Judge.

J. D. Falkner was convicted of unlawful possession of
intoxicating liquors, and he appeals.   Affirmed.

*James T. Crawley,* for appellant.

The search warrant as issued was void for the reason
that the said search warrant was issued without probable
cause, as is shown by the record in this case.   In *United
States* v. *Borkoski* (1920), 268 Fed. Rep. 408, it is said
that a search warrant may not be issued simply because
of the presentation of an affidavit alleging probable cause,
but the question of the probable cause must be submitted
to the magistrate so that he may exercise his judgment as
to the sufficiency therefor.   See also *U. S.* v. *Rykowski,* 267
Fed. 866; *State* v. *Peterson,* 194 Pac. 342, 13 A. L. R. 1284.

Section 23 of our Constitution provides that: "The
people shall be secure in their persons, houses and pos-
sessions from unreasonable seizure or search; and no
warrant shall be issued without probable cause, supported
by oath or affirmation, specially designating the place to
be searched, and the person or thing to be seized."
Therefore under this section of our Constitution the
mayor of Carthage, issued a search warrant without au-
thority, for he issued it without probable cause, as the
record discloses.   For the record shows that the only
thing that transpired in the securing of the warrant was
the making of the affidavit by the sheriff, and the search

warrant issued as a matter of course. Yet the mayor, acting as a magistrate, was the only one who had the right to determine whether or not there was reasonable cause for the issuance of this search warrant.

But we maintain that even though there had been probable cause for the issuance of this warrant, yet the mayor, as such, under the law had no authority whatsoever outside of the corporate limits of the municipality.

Section 5927, Hemingway's Code, section 3399, Code of 1906, provides among other things that the jurisdiction of the mayor shall be, as *ex officio* justice of the peace, confined to the corporate limits of the municipality.

In 63 Miss. 187, in the case of *E. C. Bell* v. *H. D. Mc-Kinney,* it is held that "the mayor of all incorporated towns in this state shall be *ex-officio* justice of the peace in and for the several counties in which their respective towns are situated," the mayor has no final criminal jurisdiction as a justice of the peace, except as to crimes committed within the corporate limits of the town; and as to crimes committed outside the corporate limits, he can only act as conservator of the peace, and bind the offender over to await the action of the grand jury.

In *Heggie* v. *Stone,* 12 So. 253, CAMPBELL, C. J., says that under the Constitution of 1869, which provided that a "competent number of justices of the peace and constables shall be elected in each county by the qualified electors thereof, by districts" and it was not in the power of the legislature to clothe the mayor of a town, comprising a part of a district for the election of justices of the peace with the official character and jurisdiction of a justice of the peace for the district outside of the town, and the charter of Vaiden, which contains a provision making the mayor *ex-officio* justice of the peace beyond the territory of the town was as to that, inoperative and void. Therefore this case was not within the territorial jurisdiction of the justice of the peace.

In *Riley* v. *James,* 18 So. 930, it was held that a town marshall with authority as constable, cannot execute a distress warrant without his own town.

Therefore, from the authority cited above it is clearly shown that the mayor of Carthage, acting as mayor, had no authority whatsoever to issue a search warrant for the search of a man's home, and premises, outside the territorial limits of the town of Carthage. This being true the court should have excluded all of the evidence acquired by officers in their search of the premises outside the municipality, belonging to appellant, for the reason that the evidence as secured, was illegally secured by an illegal search of the premises of appellant during his absence from home, and without his consent, and following the rule of this court in the cases of *Tucker* v. *State,* 90 So. 845; *Williams* v. *State,* 92 So. 584; *Miller* v. *State,* 93 So. 2; *Butler* v. *State,* 93 So. 355, the court should have excluded the evidence and directed a jury and verdict of "not guilty."

The third assignment of error is covered by referring to the following cases, which control: *Tucker* v. *State,* 90 So. 845; *Williams* v. *State,* 92 So. 584; *Miller* v. *State,* 93 So. 2; *Butler* v. *State,* 93 So. 3; *Taylor* v. *State,* 93 So. 355.

In arguing assignment of error No. 4, we desire to call the attention of the court to each of the instructions asked by, and given to the state. In each of these instructions the word "unlawful" is omitted. It is our contention that the state, by leaving out the word "unlawfully," in these instructions failed to announce the law, and that as the state failed to announce the law by its instructions grievous error was committed, and the case should be reversed for these errors, and a new trial awarded the appellant.

It is our contention that it is necessary for the state to say in its instructions that the jury must believe beyond

a reasonable doubt that the defendant did unlawfully have whisky in his possession before they can legally convict.

The defendant has a right to have the law distinctly declared to the jury in the instructions. See *Staten* v. *State*, 30 Miss. 619, 1 Morris St. Cases, 834; *Cothran* v. *State*, 39 Miss. 541, 2 Morris St. Cases, 1382. This has been the universal practice for many years. It is well settled law, and should not be disturbed. In 3 Wharton's Criminal Procedure (10 Ed.), page 2075, section 1644, it is declared: "The defendant has a right to the full statement of the law."

*S. C. Broom*, Assistant Attorney-General, for the state.

The first assignment of error attacks the validity of the search warrant, because it was issued without probable cause, and by the mayor of Carthage for the search of the premises of a citizen who lived without the corporate limits of the town.

Section 2088 of Hemingway's Code, is the section authorizing the issuance of search warrants for intoxicating liquor, and was evidently enacted after due consideration of section 23 of the Constitution of the state of Mississippi, which simply provides against unreasonable seizure or search, and further provides that no warrant shall be issued without probable cause supported by oath or affirmation, specially designating the place to be searched and the person or thing to be seized. With that constitutional provision in mind the legislature enacted this particular statute which became the law in 1908, and in this statute they provided that upon affidavit of any credible person that has reason to believe, and does believe, etc., a warrant shall be issued, etc. Therefore, it will be observed that no warrant could issue except on probable cause. The statute of other states may be different. The courts of other jurisdictions may require that there be

some sort of *ex parte* proceeding conducted by the officer who takes acknowledgment and issues the warrant, but all of that was taken care of in our statute, which in effect defines what is probable cause, and this statute has never been declared unconstitutional by this court nor any other so far as we know.

The statute says that it shall be the duty of any justice of the peace of the county in which the place is situated to issue a search warrant. The mayor is an *ex officio* justice of the peace, therefore, he certainly had a right to issue a search warrant and direct that it be returned to the proper officer. There is, therefore, no merit to this contention on the part of appellant, and no necessity for considering the authorities cited by him.

Upon the enactment of the Bone-Dry Law, no doubt the legislature had in mind section 23 of the Constitution of the state of Mississippi, also section 2088 of Hemingway's Code. Therefore, they must have concluded that this section was sufficient to meet the requirements of the new legislation, arguing no doubt that inasmuch as the Constitution only provided against unreasonable searches, and that whereas intoxicating liquor was contraband and possessed no property right, that, therefore, it is not unreasonable to search for intoxicating liquors, and no search warrant will be required so long as you do not search a building or a particular room in a building, and so this statute was evidently re-adopted by them because it was not repealed and none other was enacted.

In this connection it will be well to note that if this construction of law is correct, then insofar as their discovery of a large quantity of beer or mash in the pasture at a distance of one hundred fifty or two hundred yards from the home of the appellant no search warrant would have been required.

We now come to a consideration of the second assignment of error, which charges that it was error to admit evidence obtained by means of this search, and citing, of

course the well-known *Tucker case,* 90 So. 845; *Williams* v. *State,* 92 So. 584; *Miller* v. *State,* 93 So. 2; *Butler* v. *State,* 93 So. 3; and *Taylor* v. *State,* 93 So. 355. But just conceding temporarily and solely for the sake of argument that this was an unlawful search and that the evidence obtained by means of it was unlawfully obtained, and, therefore, inadmissible as evidence as held in the authorities just cited, such defect can nevertheless be waived, and was in the present case. In the case of *Baskin* v. *State,* 92 So. 556, this court held that where a search in which distilling apparatus was discovered was not only consented to, but expressly invited by defendant, no search warrant was required.

The fourth assignment of error complains of every instruction given for the state, and this objection is based upon the theory that the instructions for the state leave out the word "unlawfully," and many authorities are cited in support of this contention. But unfortunately for the appellant they do not apply in this sort of a case, because the appellant was convicted of having in his possession, or under his control, intoxicating liquor. Under the laws of the state of Mississippi you cannot lawfully possess intoxicating liquor. Possession of it inevitably means that it was unlawfully possessed.

ETHRIDGE, J., delivered the opinion of the court.

Appellant was indicted for unlawfully having intoxicating liquors in his possession and was convicted on testimony procured through a search warrant issued by the mayor of the town of Carthage, returnable before a justice of the peace of the district in which the defendant lived.

It is insisted that the mayor did not have authority to issue a warrant to search the premises beyond the corporate limits of the town of which he was mayor.

Section 2088, Hemingway's Code (Laws 1908, chapter 115), provides as follows:

"Upon the affidavit of any credible person that he has reason to believe and does believe that any intoxicating liquors, as described in this act, are being kept or offered for sale or barter, or sold or bartered, or that they are being kept to be given away, or are being given away to induce trade, in any room or building designated in the affidavit, it shall be the duty of any justice of the peace of the county in which the place is situated to issue a search warrant, directed to the sheriff or any constable of the county, or if in a municipality, to the sheriff, or any constable or marshal, or policeman therein, commanding him to enter the room or building designated, by breaking, if necessary, and search for and seize such liquors, and all vessels or appliances used in connection therewith, and hold the same until disposed of according to law. The writ shall be returnable at a time to be stated therein, not earlier than five days, and a copy of the writ shall be served on the owner or claimant person in possession of such liquors."

Under the laws of this state a mayor is *ex officio* justice of the peace of the territory embraced in the corporate limits of the municipality, and his acts as justice of the peace are valid. *Poplarville Sawmill Co.* v. *Marx,* 117 Miss. 10, 77 So. 815.

Under section 2223, Hemingway's Code (section 2724, Code of 1906), it is provided: "The jurisdiction of every justice of the peace shall be coextensive with his county, and he may issue any process in matters within his jurisdiction, to be executed in any part of his county."

Section 167 of the state Constitution reads as follows: "All civil officers shall be conservators of the peace, and shall be by law vested with ample power as such."

This court has held that a mayor could not try cases beyond the territorial limits of the municipality constituting his district, but these decisions have no reference to

the mere issuance of writs and warrants in his capacity as conservator of the peace. The mayor had authority to issue the search warrant and make it returnable before the proper justice of the peace, and the evidence obtained by a lawful search warrant so issued was admissible, and it was sufficient to sustain a conviction. It is true that the stepson of the appellant, a boy, was in the house and occupied a room therein, and the liquor was found in another room during the absence of the appellant, when the search was made, and appellant testified that the liquor which was found did not belong to him and that he had no knowledge of its being on his premises. Nevertheless, the proof shows that part of the liquor was found in his pants pocket in a small bottle, and another bottle was found where his pants were located. In addition to this, three barrels of mash were found on the premises one hundred fifty or two hundred yards from the residence and a well-defined trail from the barn of appellant to the place where the barrels of mash were. Taking all of the facts together, there were ample facts to warrant the jury in finding the appellant guilty.

Instruction No. 1 for the state charged the jury: "That if the jury believe from the evidence in this case beyond a reasonable doubt that the defendant did have in his possession or under his control intoxicating liquor in any amount about the time charged in the affidavit in district No. 2 of Leake county, then it is the sworn duty of the jury to return the following verdict, 'We, the jury, find the defendant guilty as charged.' "

This instruction leaves out the word "unlawful," which word should have been used. Certain intoxicating liquors may be lawfully possessed under certain conditions contained in chapter 189, Laws of 1918, and it is therefore necessary and proper to use the word "unlawful" in charging the jury as to the elements of the offense. However, this error is not reversible error in the present case, for the reason that the liquor here involved found in

the possession of the appellant is not of the kind that may be lawfully possessed. There is no provision in the law authorizing any person except officers seizing illegal liquors to have whisky in their possession, and there was no suggestion in the evidence anywhere of any idea of lawfulness of the possession. There is nothing to suggest that it might have been lawful at all. On the contrary, the appellant totally denied that it was his whisky and disclaimed knowledge of its being on his premises.

The other assignments of error are without warrant, and the cause is affirmed.

*Affirmed.*