GOFFREDO *et al. v.* STATE.*

(Division B. Jan. 31, 1927.)

[111 So. 131. No. 26291.]

1. SEARCHES AND SEIZURES. *In absence of motion to quash affidavit and search warrant not describing affiant as credible person, and proof in reference thereto, warrant will be held valid.*

While a search warrant issued upon an affidavit that affiant has reason to believe and does believe that intoxicating liquors are

possessed, etc., by a named person does not describe affiant as being a credible person, yet the officer who issued the warrant on such affidavit was assumed to have adjudged affiant to be a credible person, and where there is no motion to quash the affidavit and warrant on the ground that he was not a credible person, and there is no proof in reference thereto, the warrant will be held valid.

2. SEARCHES AND SEIZURES. *In absence of statutory restrictions, justice of peace in one district of county may issue warrant returnable before justice of another district* (*Laws* 1892, *chapter* 93, *section* 15; *Hemingway's Code, section* 2223).

Where a county is divided into two judicial districts, and there are no restrictions in the act dividing the county into two judicial districts, prohibiting a justice of the peace from issuing a warrant to be served and returned before another justice of the peace of another judicial court district said justice of the peace may so issue such warrant under section 2223, Hemingway's Code (section 2724, Code of 1906), providing that justices of the peace may issue any process to be executed in any part of the county, etc., citing Falkner v. State, 134 Miss. 101, 98 So. 345.

3. INTOXICATING LIQUORS. *Officers searching premises under warrant may seize liquor seen in possession of owner's wife and give evidence against her.*

Where a search warrant has been issued to search the premises of a named person, and a search is made under such warrant and liquors found in such premises, and the wife of the owner, while the search is going on, takes a bottle of intoxicating liquor and undertakes to secrete it, said bottle being visible to the officers present, they may seize such intoxicating liquor and give evidence against the wife in reference thereto.

4. CRIMINAL LAW. *Court during term may set aside order of servance entered on minutes and try parties jointly; conviction of parties indicted jointly will not be disturbed because order setting aside order of severance was not formally entered on minutes.*

Where two persons are jointly indicted for a misdemeanor, and an order of the court is entered ordering a severance, and such order placed on the minutes, the court may thereafter during the term set aside such order and try said parties jointly, and the conviction will not be disturbed because of the order of the court setting aside the order of severance was not formally entered upon the minutes.

5. CRIMINAL LAW. *Juror's becoming intoxicated during night during
separation of jury is not cause for setting aside conviction for
misdemeanor.*

Where in trying the parties for a misdemeanor the jury is permit-
ted to separate over night and disperse, and during such separa-
tion one of them becomes intoxicated, but is sober when the trial
is resumed the following morning, and there is nothing to show
that they discussed the case, or that defendant was in any man-
ner prejudiced by his getting drunk, and it does not appear that
he was in any way incapacitated during the remainder of the
trial, the court will not set aside the judgment for this mere
breach of propriety on the part of said juror.

*Corpus Juris-Cyc. References: Criminal Law, 16 C. J., p. 785, n.
68; p. 1170, n. 24; 17 C. J., p. 288, n. 67; Intoxicating Liquors, 33 C. J.,
p. 678, n. 33; p. 680, n. 74; p. 683, n. 12. On power of justice of the
peace to issue warrant limited to what is conferred on him by statute,
see 24 R. C. L. 706; 3 R. C. L. Supp. 1383; 4 R. C. L. Supp. 1552. As to
right of officer in executing criminal process to take possession of evi-
dentiary articles, see annotation in 18 L. R. A. (N. S.) 253; L. R. A.
1916C, 1017; 15 R. C. L. 414; 6 R. C. L. Supp. 916. As to whether
drinking intoxicating liquor by juror vitiates verdict, see 16 R. C. L.
318.

APPEAL from circuit court of Coahoma county, First
district.

HON. WM. A. ALCORN JR., Judge.

Felice Goffredo and Mrs. Felice Goffredo were con-
victed of the unlawful possession of intoxicating liquor,
and they appeal. Affirmed.

*Brewer & Brewer,* for appellants.

I.   The defendants should not have been tried jointly
after a severance had been granted by the trial court.
No order was ever entered setting aside the order which
granted a severance. In other words, the defendants
were forced into a joint trial when at the time there ap-
peared on the minutes of the court a solemn and binding
order to the effect that they should be tried separately
and not jointly. We submit that the court had no right
to order a joint trial of the defendants until after the

order granting the severance had been set aside by an order entered on the minutes of the court. In this connection, see *McCarty* v. *State,* 56 Miss. 294, in which it will appear that the court is governed by the minutes and by the minutes alone.

II. The court erred in refusing to sustain the motion to quash the search warrant for the reason that said search warrant was addressed to any lawful officer of Coahoma county, which is not in accordance with the law, and no motion was made to amend the search warrant. See *Matthews* v. *State,* 100 So. 18.

The proof in the case shows conclusively that the principal search was made by two deputy United States marshals, and that all the evidence obtained was obtained by these deputy United States marshals rather than by any lawful officer of Coahoma county.

III. The court erred in refusing to sustain the motion to quash the search warrant for the reason that in the affidavit asking for the search warrant it was not alleged that Oliver Johnston, or O. H. Johnston, was a credible person.

This court has held in numerous decisions that the affidavit for a search warrant must not only state that the person making the affidavit has reason to believe, but must further state that he does believe, *Morrison* v. *State,* 105 So. 479.

The affidavit in this case does not refer to O. H. Johnston as a credible person. The search warrant in this case does not adjudicate or decide that Oliver Johnston was or is a credible person. The defect is fatal. One of the most essential things required by the statute has been omitted.

IV. It was error for the court to overrule the motion to quash the search warrant on the ground that the purported affidavit for the search warrant was made before

R. E. Stratton, Sr.; a justice of the peace of Beat 4, Coahoma county, which said Beat 4 is in the second judicial district of the county, the offense being alleged to have been committed in the town of Friars Point which is in the first judicial district of the county.

Stratton, a justice of the peace in the second judicial district of Coahoma county had no more right to issue the search warrant in question than he would have had to issue a search warrant returnable before some justice of the peace in an adjoining county.

V. The court should not have permitted the witness Hendrix to testify about the whisky which he claimed was taken away from Mrs. Goffredo by Mr. Snyder. It cannot be contended that either one of these federal officers had the right to search the person of Mrs. Goffredo and take whisky away from her, and any and all evidence obtained by such search is incompetent and inadmissible. *Robinson* v. *State,* 108 So. 903; *Bates* v. *State,* 109 So. 730.

VI. The court erred in permitting testimony showing a possession of whisky by Mrs. Felice Goffredo separate and apart from Felice Goffredo and without his knowledge. The court will please bear in mind that the defendants at all times insisted on separate trials. The defendants at all times objected to all testimony showing separate possession.

The law seems to be clear that where two persons are jointly charged with an offense that it is improper to show a separate possession of one of the parties over the objection of the other party. *Wheeler* v. *State,* 76 Miss. 265.

VII. *Intoxicated Jurors.* At least two of the jurors who convicted these old people became intoxicated during the progress of the trial. The lower court was of the opinion that this intoxicated condition of the jurors

would not warrant the granting of a new trial unless the defendants could introduce positive affirmative proof to the effect that they were injured thereby. Of course, the only proof the defendants could offer was that the jurors were drunk, and then leave it to the court as to whether or not such conduct on the part of the jurors was such as to demand the setting aside of the verdict and the granting of a new trial. *Brown* v. *State,* 45 A. S. R. 180.

The case should be reversed and remanded.

*W. A. Scott, Jr.,* Special Assistant Attorney-General, for the state.

I.　The appellants strenuously contend that the search warrant is void because issued in the second judicial district and made returnable to the first judicial district. This court on several occasions has held that any justice of the peace has authority to issue a search warrant to be executed in any part of his county. *Falkner* v. *State,* 98 So. 345, 134 Miss. 101; *Bufkin* v. *State,* 98 So. 452, 134 Miss. 1; *Reynolds* v. *State,* 101 So. 485, 136 Miss. 329; *Dawsey* v. *State,* 100 So. 526, 136 Miss. 18.

II.　The search warrant was addressed to any lawful officer of Coahoma county and the appellants maintain that for this irregularity the warrant is void. It will be noticed from the evidence, however, that this warrant was handed to the sheriff who duly executed it by searching the premises specified therein. We do not think that this irregularity vitiates the search. *Matthews* v. *State,* 100 So. 18.

III.　The appellants further complain because the affidavit did not state that O. H. Johnston was a credible person. The affidavit does not have to make this allegation. It would be useless for the law to require an affiant to swear that he is a credible person, because no one falls so low that he believes himself otherwise. While the war-

rant itself did not expressly state that O. H. Johnston is a credible person, still the recitals therein show that the affidavit was examined; that testimony was taken and that the court examined all questions relating to the validity of the affidavit, and inasmuch as the credibility of the affiant was a judicial question to be determined by the justice of the peace it will be presumed that the credibility of O. H. Johnston was duly established.

IV. The appellants object to the introduction of certain evidence in the case. Their first contentions is that the federal officer who testified in the case had no authority to conduct the search. The record shows, however, that the sheriff of Coahoma county was the officer who actually conducted the search; that he was present at all times and supervised it. The federal officer was present at his request. The sheriff had the authority to take such persons as were necessary to conduct this search and when he had the federal officer to go with him, he was acting within his rights.

V. On the trial of the case the court admitted certain testimony, which appellants contend showed the separate possession of the liquor by each of the defendants. We think that a close examination on this point will disclose the immateriality of this testimony. Ownership and possession are entirely distinct, and Mrs. Goffredo might have owned the liquor although she and her husband jointly possessed it. Furthermore, we think these statements are competent as part of the *res gestae.*

VI. Before the trial of the case appellants made a motion for a severance which was granted and placed on the minutes of the court. A few days thereafter the district attorney made a motion to set this order aside and to try defendants jointly. This motion was sustained by the court, but no order was entered upon the minutes setting aside the order for a severance. This irregulari-

ty does not affect the conviction in this case. The trial judge in his discretion had authority to try the defendants either jointly or severally.

VI. The attorney for the appellants made a motion for a new trial on the ground of the misconduct of the jury. The lower court proceeded upon the idea that unless the jurors were drunk during the time of the trial, or at least were so incapacitated that they could not perform their duties as jurors, the fact of their being drunk would not vitiate the verdict. We think that this position is correct. It is evident that the jurors were not intoxicated during the argument of the case, because the attorneys did not learn of this affair until some time thereafter.

The cause should be affirmed.

ETHRIDGE, J., delivered the opinion of the court.

Appellants were convicted of the unlawful possession of intoxicating liquors and fined two hundred dollars and sentenced to serve 60 days in jail, from which they appealed to this court. Appellants live in the suburbs of the town of Friars Point in Coahoma county, and the evidence upon which the prosecution was based was obtained by a search warrant issued upon the affidavit of O. H. Johnson, who appeared before a justice of the peace of the Fourth supervisor's district, in which the city of Clarksdale is situated, and made affidavit that he had reason to believe, and did believe, that "intoxicating liquors are being manufactured or possessed, sold or offered for sale or given away, in violation of law, in the dwelling house, outhouses, on the premises, or in the automobiles or other vehicles used or occupied by, and on the person of, Felice Goffredo . . . at building occupied by him on lot 5, block 112 of the Bobo addition to the town of Friars Point, Miss., and building on lot 1, 125x140 on end of block 113 of said addition," and that

this information is founded upon credible information, and that affiant was informed by a credible person that such was a fact. The justice of the peace thereupon issued said search warrant, addressed to any lawful officer of Coahoma county, reciting that O. H. Johnson has this day made complaint on oath that he has reason to believe, and does believe, that intoxicating liquors are being manufactured, possessed, etc., following the affidavit, and commanding the officer to search the dwelling house, outhouses, premises, etc., described in the warrant and affidavit, and to bring them before J. R. Alcorn, justice of the peace, on January 27, 1926, together with such other parties as may be in possession or control thereof, having then and there this writ. Thereupon the officers went upon the premises occupied by appellants and served the search warrant upon Felice Goffredo, and, proceeding to search, found in the residence certain intoxicating liquors. They found other intoxicating liquors at other points on the premises and proceeded to destroy some of them.

While the search was going on, Mrs. Felice Goffredo started with a bottle of intoxicating liquor to secrete or hide it. The officer called to her to hold on, and went and took it from her. The bottle of whisky was not concealed by her, but was in her hand visible to the eye. As to different liquors found, both appellants admitted to the officers that same were their personal property, Mrs. Goffredo admitting that she owned and possessed some of them and Mr. Goffredo admitting his ownership of others. When the evidence was offered, it was objected to on a number of grounds, one being that the statute authorizing the issuance of a writ of this kind says that upon the affidavit of a credible person that he has reason to believe and does believe that intoxicating liquors are in the possession, etc., that a search warrant shall issue thereupon, and that the affidavit and warrant in this case do not so recite that Johnson, who made the affi-

davit, was a credible person, and that the statute must be strictly complied with.

While we think the warrant should properly describe affiant as being a credible person, still we think that where an officer taking an affidavit acts upon it and issues the warrant according to it, that he adjudges the affiant as being a credible person, and adjudges by issuing the warrant that he believes the information amounts to probable cause. It would be unusual for an affiant to describe himself as being a credible person, and this is the first time, so far as the writer of this opinion is aware, that the question has been raised that the warrant must show upon its face, or recite therein, that the affidavit was made by a credible person. The affiant testifies in his affidavit that the information furnished was credible and was given him by a credible person, and, taking all the evidence in the record, we are satisfied that affiant himself was a credible person. It is true that proceedings to search houses and effects are largely *ex parte,* although they are judicial in their nature, and the statute should be followed in all essential particulars to give validity to the proceeding. We think, however, that in the present case, there is no merit in this contention.

It is next contended that the warrant is void because issued by a justice of the peace in the district of Coahoma county in which Clarksdale is situated, and made returnable to a justice of the peace in another district of said county, and that the act of the legislature dividing Coahoma county into two judicial districts, being chapter 93, Laws of 1892, section 15, of said act, provides as follows:

"All crimes and misdemeanors hereafter committed, or charged to have been committed after the passage of this act, shall be cognizable only in the proper court of the district in which the offense may be committed, and such court shall have jurisdiction of the same."

This section has reference to the jurisdiction of the offenses upon the merits, and does not refer to the mere taking of an affidavit and procedure under search and seizure provisions of law. Section 2223, Hemingway's Code (section 2724, Code of 1906), provides as follows:

"The jurisdiction of every justice of the peace shall be co-extensive with his county; and he may issue any process in matters within his jurisdiction, to be executed in any part of the county."

This court has held in proceedings heretofore that the mayor of a municipality may issue a warrant to be served in territory outside the municipality and returnable and triable before the officer of the district wherein it is to be executed. *Falkner* v. *State,* 134 Miss. 101, 98 So. 345.

The appellant has not referred to any other provision of the law to sustain his contention except the section above quoted of the act dividing Coahoma county into two judicial districts. We therefore hold that it was lawful for the justice of the peace to issue a search warrant to be served in and returnable before a justice of the peace in another district.

It is also objected that it was error to admit evidence that liquors were taken from the possession of Mrs. Goffredo because no search warrant had been issued to search her property, and that it would not lie to search her person, and that the officer would not have known that the bottle contained liquor until and unless he seized it and tested it to find out by some lawful method. The facts taken together, we think, all show that it was an offense committed in the presence of the officers. It will be noted that the officers were searching the house for intoxicating liquor and had found some liquor therein; that this liquor was in a bottle and visible to the eye; and that an attempt was being made to secrete it from the officers then searching and who had already found liquor.

All these circumstances, taken together, make it clear, we think, that the offense was being committed in the

presence of the officer, and they had a right to seize the contraband liquor.

It is also assigned as error that when the cause came on for trial a motion for a severance was made by one of the parties, and that the county attorney was present in court when this motion was made, and did not resist, and the court ordered the severance, and entered an order upon the minutes of the court to this effect, but that thereafter the district attorney came in and moved the court to set aside the granting of the order of severance, setting up as his reason that the term of court was drawing to a close and they would not have time to try all misdemeanors separately and that it would mean unnecessary and additional expense to do so, and then the court announced that he would set this order aside, and proceeded, over the objection of appellants, to try appellants jointly, although no order to this effect was entered on the minutes.

Looking through the entire record, we do not see that the rights of appellants were prejudiced by the court's trying them jointly. The court had full control over its proceedings during the term and could have set aside an order at any time in the term, and the effect of trying persons jointly, which it had a right to do, was equivalent to a formal setting aside of an order, and the record shows affirmatively that the court tried the parties jointly, and it was done over the objection of appellants on the ground they were entitled to a severance. We do not think there is reversible error, from the facts contained in this record, in the trying of appellants jointly.

It is also assigned as error that during the trial in the lower court, on Friday afternoon, the jury were instructed to report back to the court the following morning for argument of the case, and were allowed to separate, and during that period of separation some of the jurors attended a party where intoxicating liquors were imbibed, and became intoxicated. It appears, however, that the following morning the jurors were all in their places

duly sober, and were not shown to be incapacitated, to perform their duties. While it is highly improper for jurors who are allowed to separate to become intoxicated, still we think this fact alone, where jurors are not engaged in any of their functions as jurors, and not considering cases as a body, and where no improper attempt was made to influence the jurors is shown, and there is nothing to show that the intoxication had any effect on the jurors' act or opinion, we would not reverse the case because of this. This matter was not discovered until after the trial of the case had been completed, and there is nothing in the record, we think, to indicate that the intoxication of either of the jurors affected his mind or attitude toward the appellants. Certainly, where one party is dealing in liquor and another drinking it there would be no undue unfriendliness between the two, such as would indicate that a verdict was corrupt or disturbed by ill feeling or passion.

If there was any proper showing of harm to appellants, we would unhesitatingly set aside the conviction, but in the absence of such showing we are constrained to let the conviction stand. The judgment of the lower court will be therefore affirmed.

*Affirmed.*