## CONWILL *v.* STATE.*

(Division B.   May 30, 1927.)

[112 So. 868.   No. 26350.]

1. SEARCHES AND SEIZURES. *Justice of peace may issue search warrant to be served in another justice district, and returnable before justice of such district.*

   A justice of the peace may issue a search warrant to be served in another justice of the peace district, making same returnable before a justice of the peace of that district.

2. CRIMINAL LAW. *One objecting to evidence obtained under affidavit and search warrant proper in form and substance on specific grounds cannot, on appeal, object on other grounds.*

   Where evidence obtained by a search under an affidavit and search warrant, proper in form and substance, is objected to on specific grounds, the objection will be deemed to go to those grounds alone, and the person on appeal cannot assign other grounds of objection to such evidence.

3. CRIMINAL LAW. *Searches and seizures. Although return on search warrant should be made at or near time of service, return may be made subsequently; on objection to introducing in evidence search warrant because there was no return, it may be amended and introduced in evidence.*

   While an officer should make a return upon a search warrant at the time, or near the time, of its service, still, if he fails to do so, the return may be made subsequently. When it is offered in evidence and objected to on the ground that there was no return, it may then be amended and introduced in evidence.

*Corpus Juris-Cyc. References: Criminal Law, 17CJ, p. 70, n. 42, 43; Intoxicating Liquors, 33CJ, p. 683, n. 23; Searches and Seizures, 35Cyc, p. 1266, n. 15; p. 1268, n. 28, 29. On the question of power of justice of the peace to issue search warrant, see 24 R. C. L. 706; 3 R. C. L. Supp. 1383; 4 R. C. L. Supp. 1552.

APPEAL from circuit court of Lee county.

HON. J. I. STURDIVANT, Special Judge.

J. A. Conwill was convicted of distilling intoxicating liquor, and he appeals. Affirmed.

*Wiley A. Blair,* for appellant.

The justice of the peace of the fourth district had no right to issue a search warrant to search property in another district; to-wit, the fifth district. But the search warrant would have to be issued by a justice of the peace of the district where the property was located.

The evidence is not sufficient in this case for the verdict of the jury to stand. *Medlin* v. *State,* 108 So. 177, is a much stronger case than the one before this court.

This cause should be reversed.

*J. A. Lauderdale,* Assistant Attorney-General, for the state.

The testimony secured by virtue of this search warrant was objected to by the defendant in the court below on the ground "that the affidavit is made before and the search warrant is issued by the justice of the peace of the fourth district when the premises to be searched as set out in the affidavit and warrant, is located in the fifth district." This objection is without merit. *Bufkin* v. *State,* 98 So. 452; *Falkner* v. *State,* 98 So. 345.

Appellant now contends that the search warrant was invalid because the record in this case does not show the return made by the officers executing the same. This objection was not made in the court below and it cannot be raised in this court for the first time. *Boatwright* v. *State,* 109 So. 710; *Marley* v. *State,* 109 Miss. 717, 69 So. 210; *Lipscomb* v. *State,* 75 Miss. 559; *Richberger* v. *State,* 90 Miss. 806.

The testimony for the state is sufficient to sustain the verdict of the jury. *Chandler* v. *State,* 108 So. 724; *Bailey* v. *State,* 108 So. 497; *Evans* v. *State,* 98 So. 440; *McElhenny* v. *State,* 99 So. 674; *Lofton* v. *State,* 112 So. 797; *Anthony* v. *State,* 112 So. 884.

Etheridge, J., delivered the opinion of the court.

The appellant was indicted and convicted of distilling, and sentenced to a term in the penitentiary. From this verdict, he prosecutes this appeal.

The evidence was obtained by the sheriff under and by virtue of a search warrant. When the search warrant and affidavit were offered in evidence, they were objected to in the following language:

"Counsel: We object to the papers, the affidavit and search warrant, also to any testimony Mr. Reese might give as a result of any search he made of these premises, for the reason that the affidavit is made before and the search warrant is issued by the justice of the peace of the fourth district when the premises to be searched as set out in that affidavit and warrant are located in the fifth district.

"The Court: Objection overruled."

This was the only objection to the search warrant and affidavit, and the testimony of the officers was predicated on the legality of the search warrant and affidavit.

It is now argued that the warrant was illegal, because there was no return made on it by the sheriff executing it. The fight in the court below was made alone on the ground that the justice of the peace of one district could not issue a warrant to search premises beyond the limits of his district. We have held in a number of cases that a justice of the peace may issue a search warrant to search premises beyond the limits of his district. *Falkner* v. *State,* 134 Miss. 101, 98 So. 345; *Goffredo* v. *State,* 145 Miss. 66, 111 So. 131; *Bufkin* v. *State,* 134 Miss. 1, 98 So. 452.

The defendant having made specific objection to the search warrant when offered in evidence, we do not think he is now entitled to raise questions which were not brought up for the decision of the court below. See *Boatwright* v. *State,* (Miss.), 109 So. 710. In addition, we may say that, had the objection been made during his

trial, the sheriff could then have entered the return upon the warrant, and the evidence would have been admitted. Consequently we think there is no merit in this assignment of error.

It is also assigned that the evidence is insufficient to convict. We think the evidence is clear and strong, showing, if the state's witnesses are to be believed (and we must accept the jury's verdict), that the defendant participated in making the liquor. He, with others, was caught in the act and arrested while the still was being operated, and was participating therein, at least to the extent of renewing the fire under the still; and, in addition, the defendant showed the officers where the mash was hidden. This mash was found where he said it was; and all of the circumstances indicate his joint participation with the other parties who pleaded guilty and who undertook to assume the guilt themselves and exonerate Conwill. The matter was submitted to the jury properly, and its verdict is conclusive.

The judgment will be affirmed.

*Affirmed.*