# WASHINGTON *v.* STATE.[*]

(Division A. Nov. 12, 1928.)

[118 So. 719. No. 27325.]

---

[*]Corpus Juris-Cyc References: Indictments and Informations, 31CJ, section 434, p. 831, n. 86; Intoxicating Liquors, 33CJ, section 502, p. 758, n. 80; Searches and Seizures, 35Cyc, p. 1266, n. 13.

*Price, Price & Jackson,* for appellant.

*J. A. Lauderdale,* Assistant Attorney-General, for the state.

McGowen, J. Tommy Washington, appellant here, was convicted on an indictment charging him with having in his possession a still in its integral parts, fined three hundred dollars, and prosecutes an appeal to this court from that judgment.

We shall take up the causes assigned by appellant for reversal, and with each separate cause state the facts in connection therewith.

First. The court permitted an amendment of the indictment on motion of the district attorney by proper order duly entered on the minutes, before any testimony was heard.

The indictment charged that the crime was committed on the 20th day of March, 1928. After the jury was impaneled, and before any testimony was taken, the court

entered an order upon the minutes amending the indictment by changing the date from the 20th of March to the 21st of March. This amendment was objected to by the appellant, the objection was overruled by the court, and exception reserved. No continuance was asked. On the trial the proof showed that the amendment was proper. Section 1245, Hemingway's 1927 Code (section 1248, Code of 1906), is as follows:

"An indictment for any offense shall not be insufficient for omitting to state the time at which the offense was committed in any case where time is not of the essence of the offense, nor for stating the time imperfectly, nor for stating the offense to have been committed on a day subsequent to the finding of the indictment, or on an impossible day, or on a day that never happened, nor for the want of a proper or perfect venue."

Counsel for appellant seems to make the point that, because the order was made in anticipation of the proof, instead of in response thereto, therefore prejudicial error occurred. The officers made the search on the 21st day of March, and found what they said was a still in the possession and in the home of the appellant. This amendment was not material, was not vital, and was not a mutilation of the indictment as in the case of *Davis* v. *State* (Miss.), 117 So. 116, wherein the district attorney mutilated a murder indictment by changing the name of the deceased alleged to have been killed by the defendant. No order of the court was entered in that case, so that it appeared that on the indictment for killing Ernest Jones, the court permitted proof of the killing of Man Jones, without an order entered on the minutes to conform to a correct variance in the proof. No harm came to the appellant by virtue of the amendment in the case at bar, since it was properly entered in anticipation of the proof which later sustained the judgment of the court entered before the actual proof disclosed the variance.

We do not think that the fact that the order may have been prematurely entered affected the validity of the order, or prejudiced any right of the defendant.

Second. We are asked to reverse the case because the affidavit for the search warrant issued by the justice of the peace in this case does not name the district of which Huff, the justice of the peace who issued the search warrant, was an official. He failed to fill in the number of the district, and it was left blank. The search warrant did show that he was a justice of the peace in and for Pike county. We have several times held that a justice of the peace has authority to issue a search warrant for property in any part of his county. *Goffredo* v. *State,* 145 Miss. 66, 111 So. 131, and *Conwill* v. *State,* 147 Miss. 118, 112 So. 868.

Third. We do not think there is any merit in the objection to the evidence because the warrant was not served upon the defendant, Tommy Washington, but was served on the wife of Tommy. This objection was not specifically made in the court below. The warrant is not void because an improper return is made thereon. It is amendable in the court to which it is returnable, and may be amended to conform to the facts. We know of no exception to that rule.

Fourth. We think the evidence, as a whole, is sufficient to sustain the conviction on the indictment in this cause. The record shows that the officers found, on defendant's premises, a tin bucket with a copper coil in it, one end of the copper coil going through the bucket close to the bottom thereof and being soldered therein, the coil being inside the bucket, and the other end coming out at the top of the bucket. There was also found in defendant's residence a furnace, a five-gallon oil can, and a keg, and evidence that these articles had been used, but no smell of intoxicating liquor or traces of mash were found thereon. Washington claimed to be the owner of this property. They also found in his residence some whisky

in a bottle. Speaking of intoxicating liquor, one witness testified:

"This is the furnace they cook it in, and this is the still they run it through after it is cooked."

There was no doubt about the possession, and no doubt about the knowledge of the presence of these articles on defendant's premises, and no doubt but that he claimed possession when the officers made the search.

The other objections are without merit.

*Affirmed.*