WALKER v. STATE.

(In Banc. Feb. 9, 1942.)

[6 So. (2d) 127. No. 34808.]

W. I. Munn, of Newton, for appellant.

**Greek L. Rice,** Attorney-General, by **Geo. H. Ethridge,** Assistant Attorney-General, for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellant was tried and convicted in the court of a Justice of the Peace of Newton County of the crime of trespass on the land of E. F. Buckley and appealed to the circuit court of that county, where he was tried again and convicted and a fine of $100 and costs imposed. The affidavit was made before A. R. Reynolds, Justice of the Peace of the First District, and charged that the crime was committed in the Fifth Justice of the Peace District of the county. The justice of the peace for that district, H. E. Dearing, was at the time ill in a hospital in another state; for that reason the warrant was made returnable before Reynolds to be tried in the Fifth District. When the time arrived for trial Dearing was back from the hospital and tried the case at the time and place fixed by the warrant. One ground relied on for reversal of the judgment is that Dearing had no jurisdiction to try the case because the prosecution originated in the district of another justice of the peace. There is no merit in that contention. Under Section 2072, Code of 1930, the jurisdiction of every justice of the peace is coextensive with his county and he is authorized to issue "any process in matters within his jurisdiction, to be executed in any part of his county." See Goffredo v. State, 145 Miss. 66, 111 So. 131; Falkner v. State, 134 Miss. 101, 98 So. 345.

The contention that the affidavit was void because it failed to describe the land alleged to have been trespassed on by governmental subdivisions is without merit. The affidavit was not demurred to. Under Section 68 of the Code it was amendable. An accurate description of the land could have been furnished by amendment. At most it was only defective and not void. Moran v. State, 137 Miss. 435, 102 So. 388; Holley v. State, 74 Miss.

878, 21 So. 923. The affidavit, leaving off the formal parts, is in this language: ''Before me, A. R. Reynolds, a Justice of the Peace of said County, in Justice District No. 1, E. R. Wall, County Attorney, on information and belief makes oath that Lamar Walker did on or about the —— day of October, 1940, in the County aforesaid, in said Justice District 5 willfully and maliciously trespass upon the real property of E. F. Buckley, after he, the said Lamar Walker, had been notified not to go upon said property of said E. F. Buckley, contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the State of Mississippi.''

Sections 1163 and 1168, Code of 1930, are in this language:

''Any person who shall be guilty of a wilful or malicious trespass upon the real or personal property of another, for which no other penalty is prescribed, shall, upon conviction, be fined not exceeding five hundred dollars, or imprisoned not longer than six months in the county jail, or both.''

''If any person shall go upon the inclosed land of another without his consent, after having been notified by such person or his agent not to do so, either personally or by published or posted notice, or shall remain on such land after a request by such person or his agent to depart, he shall, upon conviction, be fined not more than fifty dollars for such offense. The provisions of this section shall apply to land not inclosed where the stock-law is in force.''

It will be observed that the affidavit charges a violation of both of these statutes. Under the affidavit the appellant could have been tried under either of the statutes. If tried under Section 1163 the language of the affidavit ''after he the said Lamar Walker, had been notified not to go upon said property'' would have been treated as surplusage. On the other hand, if tried under Section 1168 the language of the affidavit ''willfully and maliciously'' would have been disregarded. The trial

actually took place under Section 1163 for the following reasons manifest from the record: The evidence on behalf of the state was to the effect that Buckley's land was enclosed and not only posted but he had notified the appellant to keep off of it, and notwithstanding appellant was found on the land apparently stealing corn. There was only one instruction requested for the state, which was given in this language: "The court instructs the jury for the state that if they believe from the evidence in the case beyond reasonable doubt that defendant, Lamar Walker, in District No. 5, of Newton County, Mississippi, on the latter part of October, 1940, did wilfully or maliciously trespass upon the real property of E. F. Buckley, described as SW¼ of NW¼ of Section 33, Township 5, Range 12 East, by going upon said property after having been notified to stay off and there breaking and carrying away corn, then the defendant is guilty as charged and they should so find and return the following verdict to-wit: 'We, the jury, find the defendant guilty as charged.'"

It will be observed that the instruction required the jury to believe beyond reasonable doubt that the trespass was willfully or maliciously committed.

The record as copied and certified to by the circuit clerk recites that the jury returned the verdict of "not guilty." Manifestly this is simply a clerical error of the clerk. The judgment of the court imposing the sentence recites the verdict of the jury in this language: "We the jury find the defendant guilty as charged." After the verdict and judgment appellant made a motion in arrest of the judgment in which it was stated that he had been convicted. If there was any doubt from the record whether appellant was convicted or not, on his application for certiorari to bring up the original verdict, which would have been granted, such doubt would be removed.

Affirmed.