GILBERT *v.* STATE.

(In Banc. April 23, 1945. Suggestion of Error Overruled May 14, 1945.)

[21 So. (2d) 914. No. 35861.]

C. F. Pittman, of Hattiesburg, for appellant.

Greek L. Rice, Attorney General, by R. O. Arrington, Assistant Attorney General, for appellee.

McGehee, J., delivered the opinion of the court.

The appellant, Toye Gilbert, was convicted of the unlawful possession of intoxicating liquor, upon an affidavit

charging that he, "on or about the 10th day of June, 1944, in the county aforesaid, did have in his possession whiskey, against the peace and dignity of the State of Mississippi."

The affidavit neither charged, nor did the instruction given on behalf of the state require the jury to believe, that the defendant had in his possession whiskey "unlawfully"; but insofar as the affidavit is concerned, it was held in the case of Irby v. State, 91 Miss. 542, 44 So. 801, that if an act be unlawful under all circumstances, the omission to allege in an indictment or affidavit that it was unlawfully done would not render the charge invalid. And as to the failure of the instruction complained of to require the jury to believe that the defendant "unlawfully" had in his possession the whiskey, it was held in the case of Falkner v. State, 134 Miss. 101, 98 So. 345, that while an instruction in a prosecution for having intoxicating liquors in one's possession, and which undertakes to define the offense, should use the word "unlawfully," in view of the fact that under some conditions certain intoxicating liquors may be lawfully possessed, the omission to do so is not reversible error in a case where the intoxicating liquor in question is "whiskey." The exceptions to Sec. 2613, Code 1942, making it unlawful to keep, have in possession, sell or give away, intoxicating liquor, are contained in Secs. 2634, 2635 and 2636 thereof, prescribing how licensed retail druggists in this state may sell under certain conditions pure alcohol for medicinal purposes; grain alcohol to chemists and bacteriologists engaged in scientific work; and wine to be used for sacramental purposes. And they further provide that no sale of pure alcohol for medicinal purposes shall be made except upon the written prescription of a licensed and practicing physician of this state. No exception to the general statute, Sec. 2613, has made the possession of whiskey lawful under any circumstances.

Therefore, since the possession of what is commonly known as "whiskey" is unlawful under all circumstances,

so far as the state laws are concerned, it follows that it was unnecessary that either the affidavit should charge, or the instruction for the state should require the jury to believe, that the defendant "unlawfully" had in his possession whiskey, for the reason that if the jury believed from the evidence, beyond a reasonable doubt, that he had whiskey in his possession, as charged in the affidavit, there would be no basis for the jury to find that his possession thereof was lawful, in view of the fact that the undisputed proof disclosed that the quantity found in his possession was seven quarts and thirty-seven pints of whiskey—an amount somewhat in excess of what a physician would likely prescribe for a patient to have on hand at one time, even if it should be assumed that the physician was authorized by law to prescribe whiskey for use.

The affidavit for the search warrant and the search warrant both recite that the possession of the whiskey by the accused was "in violation of law," which is, of course, the equivalent of a recital that his possession was "unlawful." And we are also of the opinion that these documents identify with reasonable certainty the premises that were to be searched.

The judgment of conviction and the sentence imposed by the trial court must, therefore, be affirmed.

Affirmed.